Charles W. STEWART, Jr.,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant
in Error.

No. A–13398.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1964.

Rehearing Denied Sept. 23, 1964.

Frank A. Greer, Thomas D. Frasier, Tulsa, for plaintiff in error.

Charles E. Norman, Tulsa City Atty., Waldo F. Bales, Asst. Tulsa City Atty., for defendant in error.

BUSSEY, Judge.

Charles W. Stewart, Jr., the defendant herein, was charged by information in the Municipal Court of the City of Tulsa, Tulsa County, Oklahoma with the crime of Operating a Motor Vehicle Within the City of Tulsa, While Under the Influence of Intoxicating Liquor, on the 16th day of February, 1962. This cause came on for trial on the 26th day of February, 1963; the Jury found defendant guilty as charged, assessing his punishment at Ten (10) Days in the County Jail of Tulsa, and a fine of $100.00, from this Judgment and Sentence a timely appeal was perfected to this Court.

It is the contention of the defendant that the defendant's arrest was illegal and that all evidence obtained by that illegal arrest should have been supressed. The circumstances and facts surrounding the arrest of the defendant, as they appear in the record are substantially that, as Officer James P. Walker, on his regular duty, was traveling in the 1300 and 1400 blocks on South Peoria Street, in the City of Tulsa, he observed the vehicle being driven by the defendant, proceeding very slowly in a Southerly direction on the four-lane thoroughfare and that the defendant's vehicle, on two occasions, went from the right lane to the left lane and back to the right lane almost striking the curb on the right. Officer Walker turned on his red light and siren and the defendant's vehicle slowed down but did not stop; Officer Walker requested assistance of other officers by radio, overtook the defendant's car and was able to cause it to stop when he passed the defendant's vehicle and drove the police car into the curb in front of him. Witness testified that he proceeded to the defendant's vehicle, asked him to get out and when the defendant failed to do so, Officer Walker opened the door, smelled a strong odor of intoxicants, assisted the defendant from the car and further testified that the defendant was extremely drunk.

Officers J. W. Reynolds and A. R. Haddock testified that they observed the defendant after his arrest on the evening of February 15, 1962, and that in their opinion he was extremely intoxicated.

The precise question here presented was determined in Moore v. State, Okl.Cr., 306 P.2d 358; where, under almost an identical situation, this Court, speaking through the Honorable John C. Powell, in the body of the opinion, had this to say:

"The question presented is: Did the officers on noticing a vehicle being driven very slowly, at a rate of about 15 miles an hour, and from one side of a one-way divided highway to the other, have authority to stop said motorist for the purpose of ascertaining

whether there was anything wrong with the driver of the car, or the car? Obviously such slow driving, under the circumstances, though in a one-way zone, and swerving over the road, constituted a traffic hazard. The evidence shows that on stopping the defendant, incidental to such, the officers discovered that the defendant was very much under the influence of intoxicating liquor, and thereupon placed him under arrest. *Such was not only their right, but their duty.* (Emphasis ours.)

"As a general proposition we have said that for the purpose of preserving the peace and to prevent crime, a peace officer or private citizen may make reasonable inquiry of persons coming under his observation or brought to his knowledge under circumstances which reasonably suggest that a crime has been or is about to be committed. Camp v. State, 70 Okl.Cr. 68, 104 P.2d 572.

*"Also in any number of cases this court has approved the stopping by officers of motorists whose method of driving and personal appearance have convinced the officers that the manner in which the vehicle was being driven made it a menace to other motorists or the traveling public. Speeding, driving at an unusually slow rate, or from one side of the road to the other are certainly grounds for an officer to stop the motorist involved, whatever the reason for such operation of the involved vehicle."* (Citations omitted, Emphasis ours.)

It is argued by the defendant that the cases of Saltsman v. State, Okl.Cr., 243 P.2d 737 and Shirey v. State, Okl.Cr., 321 P.2d 981, are controlling in the instant case. A careful examination of the above cited cases discloses factual situations entirely different from that here presented. While we are in accord with those decisions, we are of the opinion that Moore v. State, supra, is controlling. We hold, therefore,

that where an officer observes a motor vehicle being driven at a slow rate of speed across the center line and in such a manner as to constitute a hazard to traffic, the officer has the right to stop said vehicle and if after having stopped the same, determines that the operator is under the influence of intoxicating liquor, has the right to arrest him and conduct a search incident to such lawful arrest.

For all of the reasons above set forth, the Judgment and Sentence appealed from is affirmed.

JOHNSON, P. J., and NIX, J., concur.