**UNITED STATES of America, Plaintiff,**

v.

**Mickey L. FREDERICK, Defendant.**

**No. 71-143.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

June 23, 1971.

William R. Burkett, U. S. Atty., John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Robert T. Keel, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Upon consideration of Defendant's Motion To Suppress, briefs filed by both sides in connection therewith and the evidentiary hearing conducted by the Court on the said Motion, the Court finds that the said Motion should be denied. It appears that the evidence desired suppressed by the Defendant consists of two $1.00 bills produced by Defendant from his person at the request of United States Postal Inspectors.

The Defendant was a United States mail carrier working out of the Midwest City, Oklahoma Post Office. Complaints of loss of mail deposited on his regular mail route had been received by the Post Office. A test was decided upon by Postal authorities. The test consisted of placing certain letters in a depository mail box which the Defendant had the responsibility to collect. One of the test letters was in a yellow envelope. It was addressed to Oral Roberts in Tulsa, Oklahoma. It contained three $1.00 bills, the serial numbers of which were recorded by the Postal inspectors prior to the letter being deposited in said depository mail box. After this letter was so deposited, the box was kept under surveillance by the Postal inspectors. The Defendant was seen to collect the box but as he placed the mail in the bag he was seen to hold a yellow letter under his thumb or finger. The Defendant and the box were kept under surveillance until he came to the Midwest City Post Office from which he worked except for a period of about thirty minutes when sur-

veillance was lost. Surveillance was regained when Defendant's mail truck was observed at his house during his lunch break. Before the Defendant returned to the Midwest City Post Office, arrangements were made for his collection bag to be secured upon his arrival at the Post Office and upon turning the same in. The bag was so obtained after the Defendant turned the same in. It was taken to a private office in the Post Office and opened and the contents examined in the presence of the Postal Inspectors and the Post Office Supervisor. The yellow letter to Oral Roberts was not found in the bag or among its contents.

The Defendant was then called to the private office. The Postal Inspectors identified themselves, advised Defendant of his rights, Defendant read and signed a waiver of rights form following which Defendant was advised that the Postal Inspectors were investigating Oral Roberts' mail. Defendant stated that he remembered collecting the letter from the box. The Postal Inspectors then asked the Defendant to furnish the contents of his pockets. Defendant did so and among his possessions were two $1.00 bills which had the identical serial numbers as two of the $1.00 bills placed in the Oral Roberts test letter.

The Postal Inspectors did not specifically tell the Defendant that he was under arrest at any time until after the Postal Inspectors had transported him to a downtown location. The Postal Inspectors did not have or use a search or arrest warrant.

18 U.S.C. § 3061 provides as follows:

"(a) Subject to subsection (b) of this section, officers and employees of the Postal Service performing duties related to the inspection of postal matters may, to the extent authorized by the Board of Governors—

(1) serve warrants and subpenas issued under the authority of the United States;

(2) make arrests without warrant for offenses against the United States committed in their presence; and

(3) make arrests without warrant for felonies cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony.

(b) The powers granted by subsection (a) of this section shall be exercised only in the enforcement of laws regarding property of the United States in the custody of the Postal Service, including property of the Postal Service, the use of the mails, and other postal offenses."

18 U.S.C. § 1709 makes it a felony against the laws of the United States for any mail carrier, such as the Defendant, to embezzle mail and its contents entrusted to his care and which had come into his possession intended to be conveyed by mail.

■ From the evidence, the Court finds and concludes that the alleged offense prohibited by 18 U.S.C. § 1709 allegedly committed by the Defendant, if committed by him, would have been in the presence of the arresting Postal Inspectors. They put the test letter in the box, saw the Defendant collect the box and put the letter under his thumb or finger and not let it drop into his bag as did the other mail, they examined the contents of the Defendant's collection bag when he returned it to the Post Office and they did not find the said letter in the bag. In these circumstances, coupled with the surveillance of the Defendant, the Postal Inspectors were entitled to conclude that the offense was committed in their presence. The Postal Inspectors thus had Federal statutory authority to lawfully arrest the Defendant without a warrant under subsection (a) (2) of 18 U.S.C. § 3061.

From the evidence the Court further finds and concludes that the Postal Inspectors had reasonable grounds to believe that the Defendant had committed the felony prohibited by 18 U.S.C. § 1709 when and after they examined his collection bag and did not find the Oral Roberts test letter. Here again the Postal Inspectors put the test letter in the box, saw the Defendant collect the box, put the letter under his thumb or finger and not let it drop into his bag as did the other mail, they examined the Defendant's collection bag when he returned it to the Post Office and they did not find the said letter in the bag. In these circumstances, coupled with the surveillance of the Defendant, the Postal Inspectors had reasonable grounds to believe that the Defendant had embezzled the yellow letter to Oral Roberts and its contents which was the test letter involved. The Postal Inspectors thus had further statutory authority to lawfully arrest the Defendant without a warrant under subsection (a)(3) of 18 U.S.C. § 3061.

This arrest being under the authority of 18 U.S.C. § 3061 the mode of arrest is governed by Federal law. See United States v. Kriz, 301 F.Supp. 1329 (D.C.Minn.1969). No formal words are necessary to accomplish an arrest, one need not be verbally advised that he is under arrest, and the arrest is consummated when the person arrested is restrained of his freedom of movement or liberty. Moran v. United States, 404 F.2d 663 (10 Cir. 1968). A Postal Inspector testified that the Defendant was under arrest at the Midwest City Post Office and not free to leave after the contents of his collection bag did not produce the yellow Oral Roberts test letter and he was called into the private office.[1] The Court so finds and concludes that a lawful arrest was then made and is satisfied that when called into the private office, the Defendant was not free to leave and that his liberty was then and there restrained by the Postal Inspectors. Immediately following such lawful arrest and at the place thereof, Defendant was advised of his rights, waived the same, signed a waiver of rights form and the two $1.00 test bills were obtained. It might well be that the Defendant voluntarily produced the bills or voluntarily and intelligently consented to a search which produced the bills, but this is not reached as the Court finds that the Defendant was under lawful arrest when called into the private office by the Postal Inspectors and the Postal Inspectors then and there had a legal right incident to this lawful arrest to search the Defendant's person without a search warrant. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), and see United States v. Montos, 421 F.2d 215 (5 Cir. 1970). No authority is presented or found which requires a *Miranda* type warning before such incidental search may be found to be lawfully accomplished. Our Circuit has held in Stanfield v. United States, 350 F.2d 518 (1965) that no such warning was necessary prior to obtaining a handwriting specimen.

It is therefore ordered that the Motion To Suppress is overruled and the two $1.00 bills may be introduced in evidence by the Plaintiff.

1. The Postal Inspector gave the following testimony:
Q. (Mr. Green, Assistant United States Attorney)— Now, with respect to this business of arrest. The fact is that once you called him into the office there and began interrogation, he was not free to leave at any time after that was he?
A. (Mr. Pugsley, Postal Inspector)— No.