**William Mack LEE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16606.**

Court of Criminal Appeals of Oklahoma.

Oct. 11, 1972.

Curtis A. Parks, Public Defender, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., James E. Briscoe, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, William Mack Lee, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF–70–2393, of driving while under the influence of intoxicating liquor, subsequent offense, and sentenced to three (3) years imprisonment. Judgment and sentence was imposed on February 15, 1971 and this appeal perfected therefrom.

It was charged by information that the defendant, on December 12, 1970, was driving an automobile upon a public highway in Tulsa County while under the influence of intoxicating liquor. The second page of the information alleged the defendant had five previous convictions for driving while intoxicated.

The evidence established that on December 12, 1970 at approximately 10:45 a. m. a highway patrol officer, while driving on State Highway 51 in Tulsa County, observed a black 1962 Ford weave, almost hit a bridge banister, crowd the center of the line, and swerve toward the side of the bridge again. The officer turned his vehicle around in order to pursue the Ford. The officer then observed the Ford cross the center line of the highway several times, drive slow and erratic, pull off to the side of the road and then pull back on again. The officer then turned on his red light and followed the Ford, which was traveling at approximately twenty to twenty-five miles per hour, for about a mile and a half before the Ford stopped. According to the officer, the defendant stepped from the Ford in an awkward manner and had to steady himself. The officer stated that the defendant staggered, smelled of alcohol, had bloodshot eyes, and looked pale. The officer testified that in his opinion the defendant was under the influence of intoxicating liquor and that he arrested him for driving while under the influence.

The officer advised the defendant of the implied consent law and, according to the officer, the defendant chose to take a breathalizer test. However, upon arriving at the courthouse, the officer learned that the breathalizer machine was inoperative. The officer then offered the defendant the opportunity to take a blood test which the defendant declined to do.

After the jury found the defendant guilty of driving while intoxicated on December 12, 1970, the State and defense stipulated that defendant had been convicted of the offense of driving while intoxicated on October 3, 1968. Both sides waived the right to have the jury assess punishment, and the sentence was determined by the court.

On appeal, the defendant contends that the verdict is not sustained by sufficient evidence and that the punishment is excessive appearing to have been given under the influence of passion or prejudice.

We cannot agree that the evidence was insufficient to support the verdict. The jury had before it competent evidence which, if believed, was sufficient to conclude that the defendant was driving while intoxicated. The defendant argues that the arresting officer should not have been allowed to testify that in his opinion the defendant was intoxicated. However, this jurisdiction has followed a contrary rule. In Britton v. State, Okl.Cr., 467 P.2d 527 (1970) this Court held:

"The proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. The witness by whom the proof is sought to be made may describe the facts and circumstances which led to his conclusion, or he may simply

state the fact of intoxication or sobriety."

We therefore conclude that the evidence was sufficient to support the verdict.

██ Furthermore, we find no merit to the defendant's contention that the sentence is excessive as appearing to have been given under the influence of passion or prejudice. Title 47 O.S.1971, Section 11–902, which makes it unlawful for a person to drive a motor vehicle while intoxicated, provides that the punishment upon a subsequent conviction for driving while intoxicated, is a felony and punishable by imprisonment for a period of not less than one (1) year nor more than five (5) years and a fine of not more than One Thousand Dollars ($1,000.00). The defendant's sentence of three (3) years imprisonment falls within the statutory provisions. Defendant cites nothing in the evidence or record which may have unduly and unwarrantedly prejudiced the court in assessing punishment. We find no grounds for modification.

Accordingly, the judgment and sentence is hereby affirmed.

BUSSEY, P. J., concurs.