Sherman S. ENGLAND, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–604.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1977.

**217**

Erwin & Butts, Chandler, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Sherman S. England, hereinafter referred to as the defendant, was charged, tried by jury and convicted in the District Court, Lincoln, Case No. CRM-76-9, with the offense of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11-902. His punishment was set at confinement for ten (10) days in the County Jail and a fine of One Hundred Dollars ($100.00). From said judgment and sentence, the defendant perfected a timely appeal to this Court.

The testimony for the State's case in chief revealed that on January 17, 1976, Trooper Tom Lee, was westbound on U.S. 66, approximately two miles east of Chandler in Lincoln County, when he observed the defendant driving eastbound. The trooper immediately turned his car around, never letting the defendant's vehicle get out of his sight, and followed the defendant's vehicle for about one half a mile. The defendant's vehicle ran off the traveled portion of the roadway unto the shoulder several times. At that point, the trooper turned on his red light and pulled the vehicle off the road.

As the trooper walked toward the vehicle, the defendant walked to meet the trooper. The defendant staggered and had trouble keeping his balance and his eyes were blood shot and his speech was impaired. His voice smelled of alcoholic beverage. The defendant appeared to be very intoxicated.

The defendant's evidence tended to show that the defendant's female companion had been driving at the time of the incident. Their car began to malfunction and the motor died, causing her to steer the car off unto the shoulder. The defendant switched places with her and was attempting to restart the car when the trooper pulled up behind them. The defendant did not get out of the car until the trooper opened his door, and the defendant then accompanied the trooper back to his car. The defendant admitted drinking but denied having driven the car.

The defendant repaired his vehicle after the incident, but neither the wrecker service attendant nor the defendant's employer could recall the date on which the repairs were made.

As his first assignment of error, the defendant contends that the evidence was insufficient to sustain a conviction because all the essential elements of the offense were not proven.

This Court has often held that where there is any competent evidence in the record, even though there is a conflict between evidence presented by the State and evidence presented by the defendant, which the jury could have reasonably concluded that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Hubbard v. State*, Okl.Cr., 497 P.2d 440 (1972).

In the case at bar, Trooper Lee clearly had reason to stop the defendant since the automobile which the defendant was driving swerved off the roadway unto the shoulder back unto the roadway. In a number of cases, this Court has approved the stopping by officers of motorist whose method of driving convinced the officers that the manner in which the vehicle was being driven made it a menace to the traveling public. See, *Moore v. State*, Okl.Cr., 306 P.2d 358 (1957). Furthermore, upon stopping the defendant and observing his impairment, the trooper formed his opinion that the defendant was intoxicated. We have held many times that proof of intoxication does not require expert testimony, but may be established by facts and circumstances observed which led to that conclusion. See, *Lee v. State*, Okl.Cr., 502 P.2d 1278 (1972). The record amply supports the conviction, and we find no merit to this proposition.

The defendant next contends that the trial court should not comment on the evidence presented in any manner, and to do so constitutes reversible error.

The portion of the record to which the defendant objects is as follows:

"THE COURT: Does the defendant have anything he wishes to present?

"MR. ERWIN: Yes, Sir, I have two witnesses.

"THE COURT: All right Ladies and gentlemen of the jury, you heard the defendant reserve his opening statement a while ago—which is his complete right to do so—the State has rested their case and has presented all the evidence that they feel that is necessary at this time—you will now hear the opening statement of

the defendant which is a proper part of the proceedings." (Tr. 22)

 We need only note that the defendant failed to object to the trial court's remarks at trial and thus failed to preserve this proposition for review on appeal. See, *Turman v. State*, Okl.Cr., 522 P.2d 247 (1974). Finding no prejudice created by these remarks in the record, we find this contention to be frivolous.

The defendant contends as his third assignment of error that in his closing argument, the prosecutor attempted to shift the burden of proof to the defendant.

The following argument was made in part by the prosecutor in his closing remarks:

"Of course the defendant is not required at all to offer any proof on his own behalf he did so though—he was an is presumed innocent until proven guilty, he chose to put on some testimony in his own behalf but yet he did not choose to bring before this Court and this Jury the broken part from his car which he said he had . . ." (Tr. 49)

 This very argument refutes defendant's contention that the prosecutor was attempting to place the burden on the defendant to prove his innocence. Furthermore, the defendant failed to object at trial to the prosecutor's closing remark and thus did not preserve the record for review on appeal. See, *Haney v. State*, Okl.Cr., 503 P.2d 909 (1972).

 As his final assignment of error, the defendant contends that the prosecutor in his closing argument went outside the bounds of evidence by stating that the trooper opened the door of the automobile.

This contention is refuted by the record because the defendant himself testified on direct examination by defense counsel as follows:

"Q. All right and did you get out?
"A. No, I wasn't out of the vehicle until he come up and opened the door." (Tr. 27)

Therefore, this contention is clearly without merit.

For all the above and foregoing reasons, the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BUSSEY, P. J., and BLISS, J., concur.