Wilbur Ray WHITE, Appellant,

v.

OKLAHOMA DEPARTMENT OF
PUBLIC SAFETY, Appellee.

No. 51612.

Supreme Court of Oklahoma.

Feb. 12, 1980.

Jay F. McCown, Oklahoma City, for appellant.

Charles Hill, Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

SIMMS, Justice:

Appeal from judgment of the District Court of Oklahoma County which affirmed an order of the Oklahoma Department of Public Safety revoking the driver's license of appellant pursuant to Oklahoma's Implied Consent Law, 47 O.S.Supp.1975, § 751, et seq.

Appellant was stopped while driving his car after an Oklahoma City Police Officer observed appellant traveling ten to fifteen miles per hour in a thirty mile per hour zone and weaving in the roadway although the automobile did not cross the center line of the highway. The officer observed the appellant's automobile being driven in this

fashion for approximately a block and a half prior to stopping appellant.

The officer then approached the car, asked for appellant's driver's license, and informed appellant why the officer had stopped the car. The officer testified there was strong odor of alcohol on appellant's breath, his eyes were bloodshot, and his speech was slurred. Following these observations, the officer asked appellant to step back to the police car whereupon the officer observed appellant weaving while he walked. The officer testified he then formed the opinion that appellant was under the influence of alcohol, whereupon he placed appellant under arrest.

Upon being asked to submit to chemical testing for alcohol, appellant refused. Proceedings were then commenced to revoke appellant's driver's license.

Appellant's single proposition on appeal is that a valid arrest is essential to invoke the Implied Consent Law and that under the findings of the district court, no valid arrest occurred because of findings in the court's journal entry that no misdemeanor had been committed in the presence of the arresting officer at the time appellant's vehicle was stopped.

█ Oklahoma's appellate courts have consistently held that a valid arrest is essential to invoke provisions of the Implied Consent Law giving a police officer the right to request a driver of a motor vehicle to submit to a chemical test for blood alcohol. 47 O.S.Supp.1975, §§ 751, 754; *Application of Baggett,* Okl., 531 P.2d 1011 (1974); *Application of Hendrix,* Okl.App., 539 P.2d 1402 (1975); *Marquardt v. Webb,* Okl., 545 P.2d 769 (1976).

In deciding the question of the legality of the arrest under the facts as above described, we find the cases of *Moore v. State,* Okl.Cr., 306 P.2d 358 (1957); *and Stewart v. State,* Okl.Cr., 395 P.2d 346 (1964) dispositive. It was held in *Moore,* at p. 360, that "[s]peeding, *driving at an unusually slow rate,* or from one side of the road to the other are certainly grounds for an officer to stop the motorist involved, whatever the

reason for such operation of the involved vehicle." (Emphasis added)

*Stewart* holds, at page 348:

"Also in any number of cases this court has approved the stopping by officers of motorists whose method of driving and personal appearance have convinced the officers that the manner in which the vehicle was being driven made it a menace to other motorists or the traveling public. Speeding, driving at an unusually slow rate, or from one side of the road to the other are certainly grounds for an officer to stop the motorist involved, whatever the reason for such operation of the involved vehicle."

█ While it is true that no misdemeanor was observed by the officer at the time the automobile was stopped, under *Moore* and *Stewart,* the trial judge correctly concluded the officer had the right to stop the vehicle because of the erratic manner in which it was being driven. It was not until after the vehicle was properly stopped that the officer, in his opinion, observed that appellant appeared to be under the influence and at that time a lawful arrest was effected. Also, see, *England v. State,* Okl.Cr., 560 P.2d 216 (1977).

█ Appellant's reliance on *United States of America v. Frederick,* 328 F.Supp. 264 (W.D.Okl.1971), is misplaced. *Frederick* is concerned with the legality of the arrest and incidental search of a postal carrier arrested in the office of a postal inspector for embezzlement of mail. It is not relevant to either the facts or issues before us. We conclude from *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), as well as the above cited Oklahoma cases, that an officer may stop a moving vehicle not only when he directly observes a violation of the law, but also when specific articulable facts indicate to him probable cause to believe that a violation of the law is present. Having stopped the vehicle, if the officer then observes the commission of a misdemeanor, as was the case here, he may effect a lawful arrest.

The judgment of the trial court is AF-FIRMED.

All the Justices concur.