William Dean BACKUS and Michael Ray
Mead, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–80–693.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1981.

Andrew L. Hamilton, Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., Susan Mary McNaughton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Michael Ray Mead and William Dean Backus, the defendants below, were convicted by a jury in the District Court of Okfuskee County, Case No. CRF–79–33, for the offense of Unlawful Possession of Marijuana with Intent to Distribute, in violation of Laws 1973, ch. 22, § 1, now 63 O.S.Supp.1980, § 2–401. Pursuant to the jury verdict, they were both sentenced to three (3) years and nine (9) months imprisonment, and from said judgment and sentence, the defendants have perfected this consolidated appeal.

██ Defendant Mike Mead, singularly, asserts that the evidence was insufficient to support his conviction in that it did not establish that he was in possession of the marijuana. Further, he contends that his arrest was unlawful since the arresting officer did not have probable cause to believe that Mead had committed a crime.

Johnny Croney, an informant, testified that he had talked with Mead and arranged for the purchase of nine (9) pounds of marijuana; and that Mead had directed him to: "[M]eet me below the hill, keep on going to the first intersection, and that's where it would be at." Croney communicated this conversation to Agent Joe Collins, of the Oklahoma State Bureau of Investigation, and together they proceeded to the prescribed location in Okfuskee County. Other officers were alerted, who proceeded to set up surveillance of the location. Agent Collins asked the defendants if they had any marijuana, to which the defendant Backus replied in the affirmative and related that it was secreted underneath a nearby bridge. A discussion regarding the quality and price of the marijuana culminated with Collins pulling a gun, instead of money, from his pocket, and placing the defendants under arrest. Agent Collins proceeded to the bridge and found a trash bag underneath it which contained nine (9) pounds of marijuana.

██ The evidence, as set forth above, is clearly sufficient to support the verdict of the jury. Defendant Mead's other contention, that the arrest was made without probable cause, is also without merit. The test of whether a police officer has probable cause to make a warrantless arrest is whether, at the moment the arrest was made, the facts and circumstances within his knowledge, and of which he had reasonably trustworthy information, was sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. *Duke v. State*, 548 P.2d 230 (Okl.Cr.1976). It is our opinion that this test has been met, and accordingly, Mead's contention is without merit.

██ As their first joint assignment of error the defendants assert that the trial court erred in not instructing the jury as to the lesser included offense of possession of marijuana. An examination of the record reveals that there was no evidence to refute

the allegations and the information relating to the distribution of marijuana. There seems to be little doubt that the defendants offered to sell a substance and that the substance was marijuana. See *Price v. State*, 546 P.2d 632 (Okl.Cr.1976); *Palmer v. State*, 327 P.2d 722 (Okl.Cr.1958). This assignment of error is without merit.

 The defendants' second and third joint assignments of error relate to an evidentiary harpoon and prejudicial closing argument by the prosecutor.[1] The complained of evidentiary harpoon as well as the complained of closing argument, to which proper objections were interposed, were prejudicial; but, in light of the overwhelming evidence of the guilt of the defendants, did not influence the verdict of the jury. However, when the evidentiary harpoon and the closing argument are considered together it is apparent that they were calculated to inflame the jury against the defendants, and cause them to assess greater punishment than might otherwise have been assessed. Accordingly, and in the interest of justice, the judgments and sentences are modified from terms of three (3) years and nine (9) months to terms of two (2) years imprisonment, and as so MODIFIED are AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. The alleged improper and prejudicial statements made by the prosecuting attorney were as follows:

> MR. RAHHAL: Well ladies and gentlemen of the jury, I care. And the State of Oklahoma cares that the most dreaded disease we have in the United States is this dope.
>
> \* \* \* \* \* \*
>
> MR. RAHHAL: And I say it's the most dreaded, cancerous, spreading disease that we have in the country today.
>
> \* \* \* \* \* \*
>
> MR. RAHHAL: This spreads all over the United States and its being spread by individuals like these, goes through hundreds and hundreds of other people, some of which are children, some of which are dead, and some who may wish they were dead.

The alleged evidentiary harpoon occurred during the direct testimony of Sheriff Nichols. The prosecution asked the Sheriff a question regarding the whereabouts of Red Sanders. The Sheriff stated:

> A. The last I heard of him, the next day, after these boys were arrested, we'd taken up a collection. We bought him a bus ticket for somewhere up in Texas.
>
> Q. Do you know why he—why did you take up a collection to send him to Texas.
>
> A. He was wanting to get out of town. He was frightened he was afraid of what Backus and Mead was going to do to him, he said. . .

The defense counsel objected to the statement made by Sheriff Nichols, and the court sustained the objection.