**Rudolph DYLE, a/k/a Rudolph Dodd, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–427.**

Court of Criminal Appeals of Oklahoma.

May 24, 1983.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Lynn Rambo-Jones, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Possession of Phencyclidine (PCP) With Intent to Distribute in the District Court of Comanche County. He was sentenced to four (4) years' imprisonment and fined two thousand dollars ($2,000).

Evidence at trial showed that on April 10, 1980, Lawton Police Detectives Robert Braley and Larry Jacobsma were on duty in an unmarked police car. At approximately 5 p.m., they observed a brown Buick straddling the dividing line between the northbound lanes of Second Street. The officers decided not to stop the car and pulled into a Ramada Inn to get coffee. As they stepped from their car, they noticed that the same brown Buick had pulled into the Ramada Inn parking lot from another entrance and had stopped in the middle of the parking lot.

Both officers testified at trial that they thought the three occupants of the Buick were behaving oddly—the driver slumped back and forth over the steering wheel and the occupants seemed to be having an altercation. Both officers stated that it was their intention to investigate the situation as they approached the car and identified themselves as police officers. As Detective Braley asked the driver to step out of the car or to produce a drivers' license the appellant began yelling, "It's the pigs; they're going to bust us", and reached into his right front pocket. Detective Jacobsma

at this time pulled his service revolver and ordered the appellant out of the car. Appellant complied, but as Detective Braley attempted a pat down search he began struggling with the officers and trying once again to reach into his front pocket. At this point, the appellant and the officers wrestled, ultimately necessitating the assistance of a third officer to subdue the appellant.

During the fight, the appellant reached into his front pocket, withdrew two small bottles and threw them across the parking lot. After he was handcuffed, the appellant managed to smash one of the bottles with his foot as he was being led to a patrol car. Detective Braley recovered the other bottle intact. Subsequent analysis of the unbroken bottle revealed that it contained Phencyclidine, a Schedule III Controlled Dangerous Substance.

### I.

■ The appellant argues the officers lacked probable cause to effect the arrest, and that therefore the trial court erred when it admitted the bottle of phencyclidine, the fruit of an improper alleged arrest. Under appropriate circumstances, police officers in the course of their duties may approach and question persons to investigate suspicious behavior, even though there are insufficient grounds for arrest at that moment. *United States v. Saldana*, 453 F.2d 352 (10th Cir.1972); *Mason v. State*, 603 P.2d 1146 (Okl.Cr.1979); *Prock v. State*, 542 P.2d 522 (Okl.Cr.1975). The failure of the driver to respond to requests for identification or to exit the car, coupled with the appellant's statement and reaching into his front pocket, justified Detective Jacobsma in pulling his service revolver and ordering appellant out of the car, as well as Detective Braley's subsequent pat down search for weapons, regardless of whether probable cause to arrest the appellant existed at the time. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

1. The remarks complained of are as follows:
   ... you have to use your ordinary senses about what goes on in life; common experiences in life. The judge has told you that in the instructions; use your common experi-

■ The subsequent seizure of the unbroken bottle of Phencyclidine was likewise lawful as it was clearly placed in the plain view of the officers by the appellant himself. The officers were in a public place where they had a lawful right to be, the discovery of the bottle was inadvertent, and the appellant's actions were sufficient to give the officers reasonable cause to believe that the bottle was evidence of a crime. *Tucker v. State*, 620 P.2d 1314 (Okl.Cr. 1980); *Davis v. State*, 514 P.2d 1195 (Okl. Cr.1973).

Having found that the officers had sufficient cause to arrest the appellant, and that the evidence was seized in plain view, it was not error for the trial court to have overruled the appellant's motion to suppress.

### II.

■ The appellant next alleges the prosecutor went outside the evidence during the closing argument in an attempt to prove the essential element of intent to distribute. Thomas M. Reynolds testified at trial that his analysis of the unbroken bottle revealed that it contained by volume 6,250 miligrams of pure Phencyclidine Reynolds stated based upon the average dosage given when Phencyclidine was prescribed for human use (10 miligrams), the volume of Phencyclidine contained in the unbroken bottle amounted to approximately 625 potential doses. The remarks complained of did not go outside the evidence, as they were merely a discussion of the evidence presented by O.S.B.I. Criminalist Reynolds and of the prosecutor's reasonable inferences and deductions arising therefrom.[1] *Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980).

■ The element of specific intent to distribute is a question of fact for the jury to resolve based upon all the facts and circumstances properly presented to them.

   ence and your ordinary sense in this case, and you'll realize that the PCP, the Phencyclidine in this case, is far too much for the defendant to have intended to use himself. He wasn't going to use it himself....

*Davis v. State,* supra; *Reynolds v. State,* 511 P.2d 1145 (Okl.Cr.1973). Presentation of the evidence as to the amount of pure Phencyclidine contained in the unbroken bottle, as to the average dosage given when the drug was prescribed for human use, and as to the prolonged and vigorous struggle by the appellant to dispose of the bottles was sufficient to send the question of intent to distribute to the jury. We also reaffirm our opinion in *Goodner v. State,* 546 P.2d 653 (Okl.Cr.1976), that the plain meaning of the word "distribute" includes not only selling or dealing, but also dividing, sharing, or delivering, with or without compensation and with. or without the existence of an agency relationship. This proposition of error is without merit.

THEREFORE, the judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.

