Cornet Cozane HOLDER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–49.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1986.

Robert E. Prince, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Cornet Cozane Holder, was convicted of Unlawful Possession of Marijuana in the District Court of Comanche County in Case No. CRM–84–240. He was sentenced to a term of five (5) months imprisonment, and appeals. We affirm.

Briefly stated the facts are that on March 2, 1984, at approximately 12:00 p.m. two agents of the Oklahoma Bureau of Narcotics drove to the Central Mall in Lawton, Oklahoma for lunch. Both agents testified that as they walked through the parking lot they passed a vehicle and observed the appellant sitting in the vehicle apparently in the process of rolling a marijuana cigarette, and further observed a plastic baggie containing a green leafy substance. After the agents had walked past the vehicle, they confirmed what they had observed and returned to the parked vehicle. When the appellant noticed that the officer's were returning, he locked the doors. However, after the officers identified themselves as State police officers he opened the door, and as he exited the vehicle he attempted to drop the plastic bag on the ground. At that point, one of the agents grabbed the appellant's wrist and removed the bag and a marijuana cigarette from the appellant's hand. As one of the officers began to conduct a pat down search for weapons, the appellant said, "Man, don't beat a ... over a joint," and then stated that, "most police officers that find him with that small of an amount of marijuana on it just destroy it and send him on his way [sic]."

On March 13, 1984, laboratory tests confirmed that the substance was marijuana, and an information was filed on April 6, 1984.

The appellant presented no evidence at trial.

The appellant first contends that the trial court erred in refusing to suppress the evidence seized by the agents and in refusing to sustain the appellant's demurrer to the State's evidence because the agents did not have probable cause to arrest or detain the defendant.

■ The test of whether a police officer has probable cause to make a warrantless arrest is whether, at the moment the arrest was made, the facts and circumstances within his knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense. *Backus v. State*, 635 P.2d 1021 (Okl.Cr.1981).

■ In the instant case, two veteran narcotic agents [1] observed a plastic baggie in plain view which they believed contained marijuana, and further observed the appellant apparently rolling a marijuana cigarette. Based upon these observations and the appellant's spontaneous statements as he exited the vehicle, the officers were justified in arresting the appellant. This assignment of error is without merit.

The appellant next contends that the punishment recommended by the jury and imposed by the trial court was excessive and should shock the conscience of the Court.

However, as appellant's sentence is well within the limits prescribed by law, this Court finds that the sentence imposed is not excessive. See, *Kiser v. State*, 541 P.2d 208 (Okl.Cr.1975). This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.

---

1. One of the agents testified that he had been with the Oklahoma Bureau of Narcotics for two (2) years, and had six (6) years of experience prior to that time. The other agent testified that he had been with the Oklahoma Bureau of Narcotics for four (4) years, and had fourteen (14) years of law enforcement experience. Both officers testified that they have received extensive training in identifying marijuana and have personally conducted many arrests involving marijuana.