**James Earl ATTERBERRY, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–440.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Earl Atterberry, Jr., was convicted of Possession of a Controlled Dangerous Substance, After Former Conviction of a Felony, in Oklahoma County District Court, Case No. CRF–83–4318, was sentenced to four (4) years' imprisonment, and he appeals.

Briefly stated, at trial, the police report of Officer D.Y. Wilson, of the Oklahoma City Police Department, was admitted into evidence by agreement. His report stated that, on August 27, 1983, a woman jogger flagged down the officer to tell him that appellant had been following her in his pickup truck and staring at her while she was jogging in a park. Upon stopping appellant to investigate the situation, Officer Wilson noticed that as appellant stepped out of his truck, his right hand was clenched in a fist. Then the officer saw appellant open his right hand and drop a white package to the ground. Officer Wilson put appellant in the patrol car, went to examine the white substance, determined it was a narcotic and arrested appellant. The substance was seized, analyzed by Tom Kupiec, a chemist for the Oklahoma City Police Department, determined to be 1.3 grams of methamphetamine, and admitted into evidence.

As his sole assignment of error, appellant urges that the trial court erred in overruling his motion to suppress the methamphetamine because his arrest was illegal, since the police allegedly lacked probable cause to stop and arrest him. We disagree. A police officer has a right and a duty to investigate unusual or suspicious circumstances. See, *Mason v. State*, 603 P.2d 1146 (Okl.Cr.1979), and *Dyle v. State*, 664 P.2d 1047 (Okl.Cr.) *cert. denied*, 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 159 (1983). Further, if, at the time of arrest, facts and circumstances within the arresting officer's knowledge would be sufficient to warrant a prudent person believing that an offense had been or was being committed, probable cause is established and the arrest is lawful. *Greene v. State*, 508 P.2d 1095 (Okl.Cr.1973). We find that Officer Wilson properly stopped appellant to investigate his unusual and suspicious behavior towards the jogger. Thereafter when Officer Wilson examined the bag, which had been thrown away by appellant, and found it contained a narcotic, he had probable cause to arrest appellant. In any event, when appellant abandoned the bag onto the street, he had no further reasonable expectation of privacy and could not thereafter complain of the seizure by Officer Wilson. *Menefee v. State*, 640 P.2d 1381 (Okl.Cr. 1982). Therefore, the trial court properly overruled the motion to suppress the methamphetamine.

As a subproposition, appellant argues that his warrantless arrest violated 22 O.S. Supp.1984, § 196, since driving in a park and staring at a jogger is not a felony or a misdemeanor which would permit a warrantless arrest. This subproposition is pat-

ently frivolous, since appellant was not arrested for driving and staring, he was arrested for possession of a controlled substance, a felony, under 63 O.S.1981, § 2–402, for which a warrant is not required if, as in the instant case, the officer has reasonable cause to believe a felony has been committed by the person arrested. See, *Greene*, supra, and 22 O.S.Supp.1984, § 196.

For the above reasons, the judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.