**Daniel Clyde SIMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-85-480.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1987.

As Corrected Oct. 13, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

PARKS, Judge:

The appellant, Daniel Clyde Sims, was tried by jury in Payne County District Court, Case Nos. CRF–84–176 and CRM–84–640, before the Honorable Ray Wall, District Judge, for the following offenses: Unlawful Possession of Marijuana With Intent to Distribute (63 O.S.Supp.1982, § 2–401(B)(2); Carrying a Concealed Weapon (21 O.S. 1981, § 1289.8); Driving Under the Influence of Drugs (47 O.S.Supp.1983, § 11–902(B), After Former Conviction of Two Felonies. The jury convicted the appellant of Possession of Marijuana, After Former Conviction of a Felony, and Carrying a Concealed Weapon, and recommended sentences respectively of ten (10) years imprisonment, and six (6) months imprisonment and a $500.00 fine. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On the evening of June 9, 1984, Deputies Lee Lancaster and Guy Posey of the Payne County Sheriff's Office responded to a radio call from the Cushing Police Department concerning a possible burglary in progress involving weapons at a location three-quarters (¾) of a mile north on Linwood Street in Cushing. Upon arriving in the area around 10:20 p.m. and not observing any activity at that location, the deputies went to the nearest intersection and

turned around. The deputies then observed the appellant backing an older model pickup out of a driveway in an erratic manner. After the officers blocked the driveway with their marked patrol car, the appellant "almost rammed into the patrol car" according to Deputy Lancaster. Deputy Posey testified that the appellant "tried to drive around" them. The deputies stated that when the appellant exited his pickup he was "unsteady on his feet," and that he "stumbled" and "staggered" out of the pickup. The appellant then proceeded back to the cab of the pickup and, after ignoring several warnings to move away from the truck with his hands visible, the appellant finally complied. Deputy Posey testified at preliminary hearing that the appellant's eyes "were real glazy, glassy looking," and that he placed the appellant under arrest for DUI. While conducting a pat-down search of the appellant, Deputy Posey removed two Chinese throwing stars from the appellant's right hand rear pocket.

Angela Thompson testified that around 10:00 p.m. on June 9, 1984, the appellant stumbled up to her residence, smoking a marijuana cigarette, and that he "threw me up against the counter." Ms. Thompson said she fled to a neighbor's house, where the defendant pursued her in his pickup. After Ms. Thompson informed the neighbor that Thompson was afraid the appellant would try to hurt her, the neighbor called the police. Ms. Thompson testified that in her opinion the appellant was under the influence of marijuana at the time.

One baggie of a green leafy substance was found in the appellant's front pants pocket during booking procedures at the police station. During a routine inventory search, Deputy Posey found two baggies of a green leafy substance in an army ammo pouch under the front seat of the pickup. Four more baggies were found in the glove box. Richard Dill, a forensic chemist with the OSBI, identified the green leafy substance in the baggies as marijuana, after having conducted a microscopic, chromatographic, and chemical examination of the substance.

In his first assignment of error, appellant complains that the trial court erred in not granting appellant's motion to suppress on the ground that his arrest was unlawful. We believe that the personal observations of the two officers, with regard to the appellant's erratic driving, unsteady gait, and glassy eyes, were sufficient to warrant a prudent man in believing that the appellant had committed or was committing the offense of driving under the influence, so as to justify a warrantless arrest. See Holder v. State, 725 P.2d 872, 873 (Okla.Crim.App.1986). The appellant does not challenge the legality of the impoundment or inventory procedures as was done in Starks v. State, 696 P.2d 1041, 1042–43 (Okla.Crim.App.1985). Testimony received at the preliminary hearing indicates that the vehicle was impounded and inventoried pursuant to the written policy of the Payne County Sheriff's Department. Thus, this assignment is without merit.

Appellant asserts next that admission of the baggies of marijuana was error because no proper chain of custody was established. Both deputies identified the baggies as the ones taken from the pickup driven by the appellant by noting their initials on a sealed brown envelope. Both deputies testified that to their knowledge the contents of the baggies had not been changed or altered. We find that the State established with reasonable certainty the chain of custody of the baggies of marijuana. See Horn v. State, 671 P.2d 1163, 1165 (Okla.Crim.App.1983). Appellant does not claim that any tampering or substitution occurred, and any discrepancies in the identification of the baggies of marijuana at trial went to the weight of the evidence and not its admissibility. See Nelson v. State, 687 P.2d 744, 746 (Okla.Crim.App.1984). This assignment is without merit.

In his final assignment of error, appellant complains that the prosecutor improperly commented on the failure of the appellant to testify at trial. During closing argument, the prosecutor stated that the evidence was "uncontroverted" and "unrefuted" that the appellant was in possession of marijuana. In response to defense coun-

sel's objection, the trial court stated that argument is not evidence. Where a defendant fails to offer any evidence, the prosecutor is not prohibited from stating that the evidence against the defendant is uncontroverted and, having examined the comments, they did not directly call the attention of the jury to the appellant's failure to testify. *See Tinney v. State*, 712 P.2d 65, 66–67 (Okla.Crim.App.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1986, 90 L.Ed.2d 668 (1986). This assignment is without merit.

Accordingly, for all of the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.