Kathy L. **LEAPER**, Appellant,

v.

**STATE of Oklahoma, Appellee.**

**No. M–86–725.**

Court of Criminal Appeals of Oklahoma.

April 4, 1988.

Yonne P. McDaniel, Mangum, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Kathy L. Leaper, appellant, was convicted in the District Court of Greer County of Driving a Motor Vehicle While Under the Influence of Alcohol and received a sentence of ninety (90) days imprisonment in the Greer County jail and fine of $450.00, the jail sentence to be suspended upon the condition that appellant complete D.U.I. school within five weeks of final judgment.

At approximately 3:30 a.m. on May 24, 1985, an automobile driven by appellant was observed by Officer Jimmy L. Norwood of the Mangum, Oklahoma, Police Department. The automobile was being driven at approximately five miles per hour down residential streets in Mangum. Noting the suspiciousness of this activity, which is consistent with the habits of some burglars, Norwood stopped the automobile. At that time, he saw the appellant stagger as she got out of her car and walked to his police cruiser, and he detected the smell of alcohol on her breath. He placed appellant under arrest for Driving Under the Influence and read her rights to her under Oklahoma's Implied Consent Law. She consent-

ed to a breathalyzer test, and the test revealed a breath alcohol concentration of .13.

Appellant's sole assignment of error is that her arrest was invalid because Officer Norwood lacked probable cause to stop her automobile because he had not actually seen her violate any State laws or ordinances.

■ It is well established that the police have "a right and a duty to investigate all unusual or suspicious circumstances." *Atterberry v. State*, 726 P.2d 898, 899 (Okl. Cr.1986). This is a duty which arises out of the central role of the police in the prevention and detection of crime. See *Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880–1881, 20 L.Ed.2d 889 (1968). When, in accordance with this duty, the police stop an automobile upon the road, they need not actually observe the violation of any law to have probable cause to stop that automobile. Probable cause exists whenever a vehicle is being driven in a manner which a reasonable man would find unusual or suspicious. *Atterberry v. State*, supra; *White v. Oklahoma Department of Public Safety*, 606 P.2d 1131 (Okl.1980); *Stewart v. State*, 395 P.2d 346 (Okl.Cr.1964); *Moore v. State*, 306 P.2d 358 (Okl.Cr.1957). After a review of the record, we agree with the trial court's finding in this case that the appellant's driving at an extremely slow rate of speed during the early morning hours on residential streets constituted unusual or suspicious behavior which was sufficient probable cause for Officer Norwood to stop appellant's automobile.

■ Once he had stopped appellant's automobile, Officer Norwood had probable cause to place appellant under arrest for Driving Under the Influence after he saw her stagger and detected alcohol on her breath. A prudent man would have believed, in the circumstances observed by Officer Norwood, that the offense of Driving Under the Influence had been committed and that a warrantless arrest was mandated. 22 O.S.Supp.1982, § 196(5); *Holder v. State*, 725 P.2d 872 (Okl.Cr.1986); *Backus v. State*, 635 P.2d 1021 (Okl.Cr.1981).

Appellant's arrest was valid, and her assignment of error is without merit.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to more fully discuss appellant's sole assignment of error. This Court has held that a police officer may stop a motorist when the officer is convinced that the manner in which a vehicle is being driven constitutes a menace to the travelling public. *See England v. State*, 560 P.2d 216, 218 (Okl.Cr.1977). In *Atterberry v. State*, 726 P.2d 898, 899 (Okl.Cr. 1986), this Court recognized that a police officer has a right and a duty to investigate unusual or suspicious circumstances. A police officer may conduct an investigatory stop in the absence of probable cause, when he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). An investigatory stop must be justified, however, by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion by creating an objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. *Id.* at 21, 88 S.Ct. at 1880. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). *See Peters v. State*, 725 P.2d 1276, 1277–78 (Okl.Cr.1986) (police may make an investigative stop of a person in the absence of probable cause consistent with the fourth amendment under limited circumstances, when they have a reasonable suspicion grounded in specific and articulable facts); *Plunkett v. State*, 719 P.2d 834, 838 (Okl.Cr.1986).

In the instant case, Officer Norwood first observed the appellant driving very slowly in a residential area in Mangum around 2:30 a.m. Around 3:00 a.m., Officer Norwood again observed the appellant driving extremely slow in a residential area where thefts had been reported. After Officer Norwood stopped the appellant, he observed her stagger out of her vehicle, and he smelled a strong odor of alcohol upon her person. On the basis of the foregoing record, I must conclude that Officer Norwood appropriately conducted an investigatory stop based on specific and articulable facts which reasonably warranted his limited detention of the appellant to investigate possible criminal activity. The law enforcement purposes of protecting the public and prevention of crime justified the reasonable actions taken, and it is clear that Officer Norwood diligently pursued a means of investigation that was likely to confirm or dispel his reasonable suspicions quickly. *See United States v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed. 2d 605 (1985).

The initial stop by Officer Norwood did not constitute an arrest, and the appellant's fourth amendment rights were not violated by this reasonable police action. After he lawfully stopped the appellant, his observance of her staggering and his detection of the odor of alcohol on her person was sufficient to establish probable cause to believe she had or was committing the public offense of Driving Under the Influence. *See* 22 O.S.Supp.1982, § 196(5). Accordingly, on the basis of the foregoing, I concur in affirming the judgment and sentence.