Donald **FUNNELL** and David Funnell, Petitioners,

v.

The Honorable Joe **CANNON**, Judge of the District Court, Oklahoma County, State of Oklahoma, Respondent.

No. 51841.

Supreme Court of Oklahoma.

April 4, 1978.

William R. Thompson, Thompson, Williams & McNulty, Oklahoma City, for petitioners.

Arnold D. Fagin, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for respondent.

LAVENDER, Vice Chief Justice:

Petitioners, Donald Funnell and David Funnell, were plaintiffs in an action filed and pending in the District Court of Oklahoma County. Defendants to that action filed a motion to strike and a general demurrer. At hearing on these matters, petitioners, through counsel, made request to the trial court that arguments of counsel be taken down by the court reporter. Trial court refused and, over petitioners' objections, the matters were heard and sustained. By nature of the case and because of those rulings, a bond was set with the petitioners making application for the amount to be reduced. Hearing thereon was set for a week later. Petitioners again requested that hearing be taken down by the court reporter. Trial court refused. Petitioners refused to continue and their motion for reduction was denied. Petitioners bring this original action seeking relief from the trial court's refusal to allow those proceedings to be taken down by a court reporter.

This court assumed original jurisdiction under its exercise of a general superintending control over the district court. Okl. Const. Art. 7, § 4.

Merits of the district court case are not before us. The particular facts of that cause are not material to the legal issue in this original action. For decision is right of a party or counsel, upon proper and timely request to the trial court, to have statements of counsel and of the court taken down, or thereafter transcribed, by the court reporter at hearings before the trial court of motions, or other pleadings, where testimony or evidence is not presented.

Parties acknowledge the named respondent judge to be the nominal respondent with the real parties in interest the defend-

ants in the district court action. Petitioners argue 20 O.S.Supp.1977, § 106.4 required the trial court to grant their request to make a record through the taking down, or transcribing, by the court reporter. Respondent would narrow that right to testimonial or evidentiary hearings.

■ Respondent relies on *Higgins v. State*, Okl.Cr., 506 P.2d 575 (1973) and *Weeks v. Wedgewood Village, Inc.*, Okl., 554 P.2d 780 (1976). In *Higgins, supra*, the court reporter did not take down the closing argument to the jury in a criminal trial. The opinion found there was no request for the argument to be reported, statutory and constitutional rights may be waived, and it is not mandatory that the court reporter take down all testimony in all instances. In *Weeks, supra*, there was no record by the court reporter at a hearing on a motion for summary judgment where no proceedings were held except appearances. There was no request for the reporting by the court reporter, for the attorney who complained of the lack of a reporting record was not present, though he had notice of the hearing. *Weeks, supra*, cited *Higgins, supra*, but pointed out there the judge did not refuse a request to have the proceedings transcribed. *Higgins* and *Weeks* are not controlling, here. We distinguish them, for there was no request for the taking down by the court reporter and no denial by the trial court.

Section 106.4 provides in part:

(a) The court reporter shall make a full reporting * * * of all proceedings, including the statements of counsel and the court and the evidence, in trials and *other judicial·proceedings. * * * A refusal of the court to permit* or to require *any*

*statement to be taken down by the court reporter* or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, or other appellate court, *shall constitute a denial of due process of law. * * ***

A trial or *proceedings* may proceed without the necessity of a court reporter being present, *unless there is objection by a party or counsel.*

\* \* \* \* \* \*

(b) Upon request of either party in a civil * * * case the *reporter shall transcribe the proceedings in* a trial or *other judicial proceeding, * * *.* (Emphasis added.)

To limit the right for the taking down by a court reporter to trial, or evidentiary hearings, would render the language "other judicial proceedings" idle and nugatory.[1] A "judicial proceeding" cannot be limited to a trial or evidentiary hearing. It is correctly defined as "any proceeding wherein judicial action is invoked and taken"; or, "any step taken in a court of justice in the prosecution or defense of an action."[2]

■ Here, petitioners made a timely request for the taking down of statements of counsel and of the court in a judicial proceeding. That request was incorrectly denied by the trial court. That refusal, presently before us for review, constitutes a denial of due process of law. § 106.4(a).

We assume original jurisdiction and grant the writs sought, in the alternative or otherwise, including the vacation on any order resting on lack of due process as expressed in this opinion. This court takes judicial knowledge the named respondent judge has resigned. This holding is binding

---

1. *W. L. Street v. Bethany Firemen's Rel. & Pens. Fund*, Okl., 555 P.2d 1295, 1298 (1976) says:

" * * * a statute should be given a construction which renders every word and sentence operative, rather than a construction which renders some words or sentences idle and nugatory. *Case v. Pinnick*, 186 Okl. 217, 97 P.2d 58 (1939). * * *."

2. Black's Law Dictionary, Revised 4th Ed., p. 896.

"JUDICIAL PROCEEDING. Any proceeding wherein judicial action is invoked and taken. *Mannix v. Portland Telegram*, 144 Or. 172, 23 P.2d 138, 90 A.L.R. 55. * * * Any step taken in a court of justice in the prosecution or defense of an action. *National Homestead Ass'n v. Graham*, 176 La. 1062, 147 So. 348, 352. * * *."

on his successor, or any subsequently assigned judge, of the district court action from which the original action arose.

Original jurisdiction assumed; necessary writs granted; affected orders of the trial court vacated.

All of the Justices concur.