In the Matter of The Appeal of Kenlock BRADDY from an Order of the Commissioners of Public Safety of the State of Oklahoma.

No. 50563.

Supreme Court of Oklahoma.

March 25, 1980.

Rehearing Denied May 23, 1980.

Harold Hall, T. Walter Newmaster, Ada, for appellant.

Charles Hill, Associate Counsel, Dept. of Public Safety, Oklahoma City, for appellee.

SIMMS, Justice:

This is the second appeal from a judgment of the District Court of Pontotoc County which sustained the revocation of appellant's driver's license for refusal to submit to chemical testing for alcohol under the provisions of Oklahoma's Implied Consent Law, 47 O.S.1971, § 751, et seq., which was amended by the laws of 1975 in particulars not essential to resolution of this appeal.

Appellant was arrested for driving under the influence of intoxicating liquor and thereafter refused to submit to chemical testing. The Department of Public Safety gave appellant notice that it was revoking his license to drive. Appellant requested a hearing by an agent of the Oklahoma Commissioner of Public Safety pursuant to the provisions of § 754 of the Implied Consent Law and this hearing was tape recorded. The Department's agent ordered the revocation sustained, whereupon an appeal was taken to the District Court.

Prior to commencement of the *de novo* hearing in the Pontotoc District Court, appellant made written demand for a transcription of the record made before the hearing examiner, but was informed the tapes had been lost and the transcript was incapable of being prepared. Appellant then moved to dismiss the revocation proceedings for failure to furnish the transcript. The motion to dismiss was overruled and the matter proceeded to trial. The trial judge affirmed the Department Order of Revocation, and further appeal was perfected to this Court. In Case No. 48,464, this Court reversed and remanded the judgment of the trial court by unpub-

lished opinion because the trial court had neglected to make essential findings of fact and conclusions of law.

On remand, appellant reurged his motion to dismiss because of the inability of the Department to furnish a transcript of the hearing before the Department's Hearing Examiner. The motion to dismiss was again denied and the matter was submitted on evidence adduced at the prior district court hearing. The district court again affirmed the order of revocation, which resulted in the instant appeal.

Appellant urges but a single proposition of error: The Department of Public Safety failed to furnish a copy of the proceedings had at the administrative hearing upon written request and he was thereby denied due process of law.

Title 47 O.S.1971, § 754, requires that the hearing before the hearing officer "shall be transcribed." [1] In the instant case, the proceedings before the hearing officer were had prior to the 1975 amendment to § 754. It is to be emphasized that no sanctions are mentioned in § 754, or elsewhere in the motor vehicle code, for the inability of an appealing party to obtain a transcript of the hearing had before the Commissioner or his agent.

Appellant urges that revocation hearings conducted before the Department of Public Safety under the provisions of the Implied Consent Law are governed by 20 O.S.1972, § 106.4(a) [2] which reads:

"(a) The court reporter shall make a full reporting . . . of all proceedings . . . in [the] trials and other judicial proceedings.

. . . A refusal of the Court to permit or to require any statement to be taken down by the court reporter or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, or other appellate court, shall constitute a denial of due process of law. . . ."

*Funnell v. Cannon*, Okl., 577 P.2d 1287 (1978), held that the sanctions contained in § 106.4, supra, applied only to judicial proceedings. *Funnell* further defined "judicial proceeding" to be any proceeding wherein judicial action is invoked and taken or any step taken in a court of justice in the prosecution or defense of an action. In *Peters v. Oklahoma Department of Public Safety*, Okl., 557 P.2d 908 (1976), we held that the Commissioner's hearing on revocation for failure to comply with the Implied Consent Law was an administrative hearing and it wasn't until the matter was appealed to the district court that it became a judicial proceeding.

■ It therefore follows that the inability to furnish a transcript of the hearing before the Commissioner or his agent is not, in itself, a violation of due process within the meaning of § 106.4, because it is not a judicial proceeding.

■ We note that appeals from an order of revocation under the provisions of the Implied Consent Law are procedurally governed by the provisions of 47 O.S.1971, § 6–211. See: 47 O.S.1971, § 755, amended by laws of 1975. Section 6–211(f) mandates that the hearing on appeal in district court shall be taken by the court reporter and preserved for the purpose of appeal. Clearly, the provisions of 20 O.S.1972, § 106.4, supra, apply to proceedings had in the district court in an appeal pursuant to the provisions of 47 O.S.Supp.1975, § 755, but not the Commissioner's hearing under § 754.

Nonetheless, there exists the duty, unless waived by the parties, upon the Department of Public Safety to record the administrative hearing pursuant to § 754. The question remains unanswered under Oklahoma's decisional law of the inability by the Department to furnish an appealing party a transcription of the recorded proceedings upon proper demand.

■ Appeals from Implied Consent revocation orders are heard *de novo* in the

**1.** Section 754 was amended by the Laws of 1975, c. 119, § 3, to read:
"The hearing shall be recorded."

**2.** Section 106.4 was amended by the Laws of 1978 in particulars not material to this appeal.

district court. *Appeal of Tucker*, Okl.App., 538 P.2d 626 (1975); 47 O.S.1971, § 6–211. A trial *de novo* is a trial of the entire case anew, both on law and on facts. *In re Initiative Petition No. 260, State Question 377*, Okl., 298 P.2d 753 (1956). In the instant case, the district court affirmed the order of revocation by reason of evidence taken independent of the evidence received by the hearing examiner. We held in *City of Shawnee v. Bryant*, Okl., 310 P.2d 754 (1957) the prevailing rule in this jurisdiction places the burden on appellant to show affirmatively that error intervened to his prejudice in the trial of a cause. An examination of the record, district court transcript, and briefs fail to show that appellant has demonstrated any prejudice by reason of the Department's inability to furnish him a transcript of the tape recorded administrative hearing.

Judgment of the trial court is affirmed.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES and DOOLIN, JJ., concur.

OPALA, J., concurs in result.

HODGES, J., dissents.

OPALA, Justice, concurring in result:

A meaningful pronouncement of the law applicable to this first-impression issue in the case before us there cannot be. That quality of disposition is precluded by the record-revealed anatomy of the controversy and by the overambitious relief pressed for on this appeal from the district court-affirmed order of driver license revocation.

The burden of explaining nonproduction of the statutorily mandated transcript of prior administrative hearing and the duty of securing the *necessary judicial exculpation* for nonperformance of a clear responsibility must be recognized as legally cast *not on the aggrieved licensee but on the Commissioner of Public Safety.*[1] That official's duty to produce the transcript is every bit as broad here—if not broader—as that which is generally imposed on the government in criminal and delinquency cases when a request is made by an indigent accused.[2] While the Commissioner did not perceive, nor undertake to sustain, his burden in this case,[3] the licensee [appellant] utterly failed vigorously to press the point both at trial and on appeal.

Neither here nor below did appellant seek, upon some tenable legal basis, to remand the case for another hearing before the Commissioner's examiner. No attempt has been made to show prejudice from the government's failure to produce the required transcript.

*A government's failure to perform its clear statutory duty to record or transcribe, either or both, an administrative hearing should never be treated lightly.* The judicial service must vigilantly guard against government lawlessness. My ear would be most sympathetic to appellant's position, if the record, coupled with his more narrowly articulated plea for relief, were to reveal a timely-raised complaint of prejudice from loss of a clear statutory right vigorously pursued and firmly anchored on some reasoned explanation.

---

1. 47 O.S.1971 § 754 mandates that proceedings before the administrative hearing examiner of the Commissioner be *transcribed* in all cases. The 1975 amendment has narrowed this duty by requiring that the proceedings be *recorded.* 47 O.S.Supp.1975 § 754.

2. In criminal and delinquency cases the burden of showing that a full appellate or preliminary hearing transcript may be dispensed with or that alternative record media available are adequate is unquestionably cast on the government. *Matter of Rich*, Okl., 604 P.2d 1248, 1252 [1979]. Some members of this court would like to see the same *quantum* of responsibility *extended* to all proceedings under the rubric of juvenile process. *Matter of Rich*, Okl., 604 P.2d at 1254 [dissenting opinion by Simms, J.].

3. The testimonially unsupported explanation offered for the transcript's nonproduction was that the tape on which the proceedings had been recorded was lost or misplaced. No details were given.