**Susan Ann SMITH, Appellant,**

v.

**STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 61229.**

Supreme Court of Oklahoma.

April 24, 1984.

Larry R. McManus, Oklahoma City, for appellant.

Blair Easley, Jr., Rik Von Fossen, Dept. of Public Safety, Oklahoma City, for appellee.

KAUGER, Justice.

Two questions are presented on appeal: (1) Did the arresting officer effect a valid arrest which invoked the Implied Consent Statute, 47 O.S.1981 §§ 751 et seq., and (2) was the evidence presented to the District Court sufficient to support its judgment? We answer both questions in the affirmative, and affirm the judgment of the District Court.

On May 20, 1983, at approximately 1:30 a.m., a police officer of the City of Yukon, Oklahoma, observed appellant, Susan Ann Smith (driver) stop her vehicle thirty feet short of a red light. The officer saw her, after the light turned green, drive through the intersection and narrowly avoid hitting the curb on the other side. After making these observations, the officer stopped the driver. When he approached the car, he smelled the odor of alcohol on her breath, and arrested her for driving under the influence of intoxicating beverages (DUI). When the officer read her the request for the implied consent test, she declined to take any sobriety test. Thereupon, the arresting officer filed his officer's affidavit and notice of revocation. Subsequently, the Commissioner of Public Safety issued an order revoking her driver's license. On August 12, 1983, a hearing was conducted

before a hearing examiner for the Department of Public Safety in Canadian County, and the order of revocation for a period of six months was sustained. The driver filed a petition for review with the district court which sustained the order of revocation, reinstating limited driving privileges.

## I.

### WERE THE INITIAL STOP AND SUBSEQUENT ARREST FOR D.U.I. PROPER GROUNDS FOR INVOCATION OF THE IMPLIED CONSENT LAWS?

■ The driver argues that her stop and arrest were unlawful, notwithstanding the officer's subsequent observation, because the officer's grounds for stopping her initially would not independently indicate the commission of a misdemeanor. She contends that a valid arrest is essential to invoke the statutory provisions which give a police officer the right to request a driver to submit to a chemical test for blood alcohol.[1] We agree. However, a police officer acting to preserve the peace and prevent crime has the right to make reasonable inquiry of persons observed under circumstances which reasonably suggest that a crime has been, or is being committed.[2] Under this general proposition of law, the Oklahoma Court of Criminal Appeals has approved the stopping of motorists when an officer is convinced that a vehicle is being operated in a way which menaces the driving public.[3] An officer may stop a moving vehicle not only when he directly observes a violation of the law, but also when specific articulable facts indicate probable cause to believe a violation of the law is present. If, after properly stopping the vehicle, the officer observes a misdemeanor, the subsequent arrest is lawful.[4]

■ Before he stopped the driver, the officer had no knowledge that a misdemeanor had been committed in his presence, nevertheless, based upon his observations of the driver's erratic operation of the vehicle, he appropriately made further inquiry. He then determined that the driver appeared to be driving under the influence of alcohol, and made a lawful arrest for D.U.I. which gave rise to his right and duty to request the driver to submit to the chemical test for blood alcohol.[5] The failure of the driver to submit to the test invoked the implied consent law.

## II.

### WAS THE EVIDENCE PRESENTED SUFFICIENT TO SUPPORT THE JUDGMENT OF THE TRIAL COURT?

■ The driver also contends that the evidence is insufficient to support revoca-

1. *White v. Oklahoma Dept. of Public Safety,* 606 P.2d 1131, 1132 (Okl.1980); *Application of Baggett,* 531 P.2d 1011, 1019 (Okl.1974).

 It is provided by 47 O.S.1981 § 751 in pertinent part:

 "... The test or tests shall be administered at the direction of a law enforcement officer after having arrested a person and having reasonable grounds to believe the person driving or in actual physical control of a motor vehicle upon the public highways, streets or turnpikes was under the influence of alcohol or intoxicating liquor.

2. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), held that reasonableness of an investigatory detention is to be determined by weighing the state's interest in law enforcement against the individual's interest of being free from arbitrary invasion of his liberty. The Court said that an officer "... must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that

intrusion." See also *Camp v. State,* 70 Okl.Cr. 68, 104 P.2d 572 (1940).

3. *England v. State,* 560 P.2d 216, 218 (Okl.Cr. 1977).

4. In *Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979) the United States Supreme Court said, "... Except in those situations in which there is at least articulable and reasonable suspicion that a motorist is ... subject to seizure for violation of law, stopping an automobile and detaining the driver ... [is] unreasonable under the Fourth Amendment"; *White v. Okla. Dept. of Public Safety,* supra, note 1.

5. *White v. Okla. Dept. of Public Safety,* id.; See also Annot. *"Drunken Driving in Presence of Officer,"* 74 A.L.R.3d 1138 (1976) and Annot., *"Suspension or Revocation of Driver's License for Refusal to Take Test",* 88 A.L.R.2d 1064 (1963).

tion of her license. In this instance, the burden of proof is met by the test of the preponderance of the evidence.[6] In reviewing sufficiency of the evidence presented to the district court, we must first examine the evidentiary elements required to sustain the trial court's ruling. This Court, in *Application of Baggett*, 531 P.2d 1011, 1019 (Okl.1974) held that 47 O.S.1971 § 754, framed the issues of failure to comply with the Implied Consent Law as whether: the person had been driving or was in actual physical control of a vehicle on the public highways while under the influence of alcohol or intoxicating liquor; the person was placed under arrest and; the person refused to submit to the test. The issue in *Baggett* was not whether the law enforcement officer had reasonable grounds to believe that the motorist was driving under the influence, but whether he was in fact so driving.[7]

 The Oklahoma Legislature amended § 754 in 1975.[8] Because of the new statutory language, we hold that the *Baggett* standard no longer accurately states the law, and that the proper scope of the revocation hearing is whether:

(a) the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor,

(b) the person was placed under arrest,

(c) the person refused to submit to the test or tests and,

(d) the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests.

Hearings properly should address the issue of the officer's reasonable grounds to believe that a person was driving under the influence, not whether a person was, in fact, driving under the influence. To the extent that *Baggett* is inconsistent with this opinion and § 754 as revised, it is hereby overruled. The same findings must be made by the district court pursuant to § 754 as are made by the hearing examiner, even though the hearing before the district court is de novo.

 This Court will not reverse or disturb a finding of a lower court if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support its findings.[9] The uncontroverted testimony of erratic driving, odor of alcohol on the driver's breath, her subsequent arrest for D.U.I. and refusal to submit to the chemical test, and the officer's warning that her refusal would lead to revocation or suspension of her license is more than sufficient to support the judgment of the District Court

AFFIRMED.

All the Justices concur.

6. *Application of Baggett*, supra, note 1.

7. Title 47 O.S.1971 § 754 provided in pertinent part:
 "... The hearing shall be transcribed and its scope shall cover the issues of whether the person had been driving or was in actual physical control of a vehicle upon the public highways while under the influence of alcohol or intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test or tests. Whether the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests shall not be an issue."

8. The statute, 47 O.S.1971 § 754 was amended in 1975 to provide:

 "... The hearing shall be recorded and its scope shall cover the issues of whether the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways, streets or turnpikes while under the influence of alcohol or intoxicating liquor, whether the person was placed under arrest, whether he refused to submit to the test or tests, and whether the person was informed that his privilege to drive would be revoked or denied if he refused to submit to the test or tests."

9. *State of Oklahoma ex rel. Department of Highways v. Sharpensteen*, 538 P.2d 1044, 1046 (Okl. 1975).