872 P.2d 957 (1994)
Casey A. RICHARDS, Appellant,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.
No. 82714.
Court of Appeals of Oklahoma, Division No. 3.
March 8, 1994.
Stephen G. Fabian, Jr., Fabian & Associates, Edmond, for appellant.
Earl L. Reeves, Jr., Dept. of Public Safety, Oklahoma City, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*958 OPINION

BAILEY, Judge:
Casey A. Richards (Richards) appeals the Trial Court's order denying his motion for new trial after judgment for State of Oklahoma, ex rel. Department of Public Safety (DPS), in Richards' action for review of DPS' order revoking Richards' driver's license. Herein, Richards asserts (1) lack of probable cause for his arrest, and (2) error of the Trial Court in admission of breathalyzer test results, DPS having failed to show (a) administration of a breathalyzer test on an approved testing appliance with approved materials in accord with the rules relevant thereto, and (b) proper maintenance of the appliance.
In January 1992, an Oklahoma City police officer responded to a report of a rear end collision. At the scene, the officer observed Richards, the driver of one of the vehicles involved, exhibiting signs of intoxication, including an odor of alcohol, as well as glassy, bloodshot eyes, and Richards admitted consumption of four beers that night. The officer placed Richards under arrest for operation of a motor vehicle while under the influence of intoxicating substance, read Richards his rights/obligations under Oklahoma Implied Consent Law, and requested Richards to submit to chemical testing for blood alcohol. Richards consented, and test results showed Richards' blood alcohol concentration at .17.
Based on the test result, DPS issued an order revoking Richards' driver's license for one year, Richards having received a prior alcohol-related revocation in 1989.[1] Richards sought administrative review, but the hearing officer affirmed the order of revocation.
Richards then sought further review in the Trial Court. DPS presented evidence and the testimony of the arresting officer concerning Richards' arrest and administration of the breath test, as well as testimony of the breathalyzer maintenance supervisor, to which Richards demurred. The Trial Court overruled Richards' demurrer to the evidence, and Richards presented no other evidence. The Trial Court entered judgment for DPS, upholding the order of revocation. Richards moved for new trial, which the Trial Court denied, and Richards now seeks review in this Court.
As an initial matter, we note the scope of a revocation hearing shall include inquiry into the following issues:
E... . [W]hether the [arresting] officer had reasonable grounds to believe the *959 person had been driving ... a vehicle upon the public ... streets while under the influence of alcohol, ... and whether the person was placed under arrest.
1. If the revocation ... is based upon a breath or blood test result and a sworn report from a law enforcement officer, the scope of the hearing shall also cover the issues as to whether:
a. the testing procedures used were in accordance with the existing rules of the Board of Tests for Alcohol and Drug Influence,
b. the person was advised that his privilege to drive would be revoked or denied if the test result reflected an alcohol concentration of ten-hundredths (0.10) or more,
c. the test result if fact reflects such alcohol concentration, and
d. the breath ... specimen was obtained from the person within two (2) hours of his arrest.
47 O.S. 1991 § 754.[2]
Thus, Oklahoma law requires, and appellate decisions of this state have consistently held, a valid arrest is necessary to invoke a police officer's right under statute to request submission to chemical tests for blood alcohol.[3]
Further "[a]ppeals from implied consent revocation orders are heard de novo in the district court, with the "trial de novo' being a trial of the entire case anew, both on the law and on the facts."[4] In district court review, the Department of Public Safety carries the burden of proof to show that the licensee had been driving under the influence of alcohol.[5] On appeal from orders of the District Court in review of implied consent revocations, the appellate courts will not reverse or disturb the findings below "if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support [the lower court's] findings."[6]
In his first proposition, Richards asserts the police officer had no reasonable grounds for the arrest, relying on a part of the arresting officer's testimony to the effect that the officer initially observed nothing unusual about Richards' behavior. However, a complete reading of the arresting officer's testimony shows the officer's observation of several indicia of intoxication, including Richards' admission to consumption of four beers and the nature of the automobile accident in which Richards had been involved. We find the officer's testimony establishes the requisite reasonable grounds for the officer's belief that Richards had been driving his vehicle while under the influence of alcohol sufficient to support a valid arrest of Richards for that offense, and to thereafter request Richards to submit to chemical testing. We therefore reject this proposition of error.
In his remaining propositions, Richards asserts error of the Trial Court in admitting the breathalyzer test results. In particular, Richards alleges DPS failed to prove (a) administration of the breath test in accord with the procedures established by the Board of Tests for Alcohol and Drug Influence (BOT) (Proposition IV), (b) administration of the breath test on approved equipment with approved materials as required by BOT rules (Proposition II), and (c) proper maintenance of the testing equipment (Proposition III).
*960 Having reviewed the record, however, we find no error by the Trial Court in the admission of the breathalyzer test results. That is, the arresting officer testified to administration of the blood-alcohol test on a Model 900A breathalyzer using a Mark IIA simulator, both manufactured by Smith and Wesson, and we find this evidence supports a finding of administration of Richards' test on BOT approved equipment.[7] We further find the testimony of the arresting officer and the Oklahoma City police officer in charge of maintenance of the test equipment showed not only proper maintenance of the equipment, but also proper administration of the breathalyzer test to Richards using proper materials and supplies. We therefore hold the arresting officer's testimony, particularly concerning adherence to BOT mandated testing procedures, constitutes competent and admissible evidence in support of DPS' burden to demonstrate not only proper administration of the breath test,[8] but also a prima facie case for revocation.[9]
We therefore conclude the Trial Court did not abuse its discretion in denying Richards' motion for new trial.[10] The order of the Trial Court denying Richards' motion for new trial and upholding DPS' order of revocation is therefore AFFIRMED.
HUNTER, P.J., and GARRETT, V.C.J., concur.
NOTES
[1] 47 O.S. 1991 § 6-205.1(a)(3).
[2] See also, Smith v. State, ex rel. Dept. of Public Safety, 680 P.2d 365, 368 (Okl. 1984) (Scope of hearing shall include determination of whether (a) the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon the public highways ... while under the influence of alcohol [or any other intoxicating substance], (b) the person was placed under arrest, (c) the person refused to submit to test or tests and, (d) the person was informed that the privilege to drive would be revoked or denied if he refused to submit to the test or tests.)
[3] 47 O.S. § 751(A); Appeal of Dungan, 681 P.2d 750, 752 (Okl. 1984); Smith v. State, ex rel. Dept. of Public Safety, 680 P.2d at 367; White v. Oklahoma Dept. of Public Safety, 606 P.2d 1131, 1132 (Okl. 1980).
[4] Appeal of Dungan, 681 P.2d at 752; Matter of Braddy, 611 P.2d 235, 237-238 (Okl. 1980).
[5] Appeal of Tucker, 538 P.2d 626 (Okl.App. 1975).
[6] Smith v. State, ex rel. Dept. of Public Safety, 680 P.2d at 367; State ex rel. Dept. of Highways v. Sharpensteen, 538 P.2d 1044, 1046 (Okl. 1975).
[7] BOT Rule 40:25-1-2 prescribes use of "The Model 900 and Model 900A Breathalyzer (manufactured by National Draeger, Inc., Pittsburgh, Pa. 15230 or its predecessors or successors)." See also, Hames v. State, 818 P.2d 904, 906 (Okl.Cr. 1991) (held, evidence established Stephenson Model 900 breathalyzer and the Smith and Wesson Mark IIA simulator to have been manufactured by predecessor of National Draeger, Inc.).
[8] Westerman v. State, 525 P.2d 1359 (Okl.Cr. 1974) (substantial compliance with BOT Rules for administration of breath tests required).
[9] See, e.g., Appeal of Tucker, 538 P.2d at 629 (DPS bears burden of proof to show licensee's operation of a motor vehicle while under the influence).
[10] See, e.g., Bennett v. Hall, 431 P.2d 339 (Okl. 1967) (motion for new trial addressed to discretion of court to be applied in accordance with recognized principles of law, and absent error as to pure question of law, or arbitrary or capricious action, presumption indulged in favor of trial court's ruling).