**Kenneth P. DAVIE, III, Appellant,**

v.

**The STATE of Oklahoma, ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

No. 84663.

Court of Appeals of Oklahoma, Division No. 3.

May 16, 1995.

Darlene Crutchfield, Tulsa, for appellant.

Cara Epps Clifton, Oklahoma City, for appellee.

### *OPINION*

HUNTER, Judge:

Appellant, Kenneth P. Davie, III, seeks review of the trial court's order which sustained the implied consent revocation of Appellant's driver's license under 47 O.S.1991, § 751 et seq. On appeal, Appellant maintains Appellee, Department of Public Safety (DPS), failed to establish reasonable grounds for his arrest and that the arresting officer's testing procedures violated rules of the Board of Tests.

■ In reviewing the sufficiency of the evidence presented to the district court, we must first examine the evidentiary elements required to sustain the trial court's ruling. *Smith v. State ex rel. Department of Public Safety*, 680 P.2d 365 (Okla.1984). This Court will not reverse the trial court's findings if there is any competent evidence or any reasonable inference to be drawn therefrom, which tends to support its findings. *Richards v. State ex rel. Department of Public Safety*, 872 P.2d 957 (Okla.App.1994).

■ Preliminarily, we note Appellee's objection to materials attached to Appellant's brief which Appellee contends were not presented to the trial court. These materials are an affidavit and a portion of the district court transcript. The district court transcript was designated and included in the appellate record. We find nothing objectionable by Appellant's inclusion of a portion of same in his brief. As to the "affidavit", Appellant does not identify this document or the affiant and has not shown that such document was presented to the trial court. Appellee contends it is a "probable cause affidavit" and was not submitted to the trial court. Our review of the trial transcript shows Appellee submitted two "officer's affidavits" to the trial court but Appellee subsequently "withdrew" these from the record. There is nothing before us to indicate the trial court considered the affidavit attached to Appellant's brief and it therefore will not be considered by this Court in the disposition of this appeal. *Hart v. McVay*, 832 P.2d 822, 825 (Okla.1992).

Regarding his arrest, Appellant argues the arresting officer had no probable cause to stop his vehicle and also that he was placed under arrest before the officer observed symptoms of intoxication. The evidence shows Appellant was stopped by the officer for speeding. After the Appellant pulled over to the side of the road, the officer walked up to the vehicle and asked Appellant if he had a driver's license. Appellant replied he did not have one on him. The officer then asked Appellant to step out of the car while the officer ran a check on his license. While talking to Appellant, the officer smelled an odor of intoxicating beverages on Appellant, and noticed that Appellant had red, watery eyes and poor motor control. The officer had Appellant perform two field sobriety tests, which Appellant could not properly perform. Next, the officer had Appellant breathe into a breath tester (a PBT) and it indicated Appellant had a blood alcohol level of .08. After these tests, the officer placed Appellant under arrest, put him in the patrol car and read him his Implied Consent rights. After arresting Appellant, the officer asked Appellant to take a breath test. Appellant stated he wanted a blood test. The

officer told him he would have to take a breath test first and Appellant replied "I'll deny the breath test". Appellant refused another opportunity to take the breath test in booking.

■ A valid arrest is essential to invoke provisions of the Implied Consent Law which gives a police officer the right to request a driver of a motor vehicle to submit to a chemical test for blood alcohol. *White v. Oklahoma Department of Public Safety*, 606 P.2d 1131, 1132 (Okla.1980). A police officer may stop a moving vehicle not only when he directly observes a violation of the law, but also when specific articulable facts indicate probable cause to believe a violation of the law is present. *Smith v. State ex rel. Department of Public Safety*, 680 P.2d 365, 367 (Okla.1984); 22 O.S.1991, § 196. The evidence shows that the arresting officer initially stopped Appellant for a traffic violation which he *directly witnessed*. In such cases, an officer has the duty and right to stop and investigate. Appellant's contention the initial stop of Appellant was unlawful is without merit.

■ Appellant contends he was "arrested" when he was placed in the police unit while the officer was checking his license and that it was only after his "arrest" that the officer observed signs of his intoxication. The only evidence in the record shows Appellant was asked to "step out" of his car while the officer was checking his license and that Appellant was not placed into the police car until after Appellant failed the field sobriety tests. After Appellant failed the field tests, the officer testified he "placed him in custody" and put him in the police car.

The officer stopped Appellant's vehicle after directly observing a violation of the law. After properly stopping the vehicle, he observed signs which indicated Appellant was intoxicated, which is the commission of a separate offense. After further inquiry through field tests, the officer had reasonable grounds to believe Appellant was driving under the influence of alcohol and placed him under arrest. Under the facts presented in this case, Appellant has failed to demonstrate his arrest was unlawful. *Smith*, at 367;

*Leaper v. State,* 753 P.2d 914 (Okla.Crim. 1988).

In his brief, Appellant maintains the arresting officer's administration of a field PBT violated rules of the Board of Tests for Alcohol and Drug Influence and that Appellant believed he had already performed the breath test in the field and therefore that he did not need to take the breath test offered after his arrest. As noted previously, the arresting officer requested and Appellant performed, a preliminary breath test (PBT). The officer testified the PBT is a hand-held portable device used to measure alcohol concentration in breath and is very small compared to the breath machine in booking. He stated the PBT is not approved by the Board of Tests, and is not a state-designated test in the City of Bixby but that he uses it as another field sobriety test. The officer informed Appellant before Appellant blew into the machine, that the PBT was a field test and could not be used against him in court. After arresting Appellant, the officer read what he called "consent rights" to Appellant and requested he take the breath test.

█ The Board of Tests for Alcohol and Drug Influence is created in 47 O.S.Supp. 1992, § 759. The Board is authorized to prescribe uniform standards and conditions for and to approve satisfactory methods, procedures, techniques, devices, equipment and records for tests and analyses performed under the implied consent laws, 47 O.S.1991, § 751 et seq. To be admissible in evidence, tests administered under the implied consent laws shall have been administered or performed in accordance with the rules and regulations of the Board. 47 O.S.Supp.1993, § 752.

█ 47 O.S.1991, § 751 provides in part: A. Any person who operates a motor vehicle upon the public roads, highways, streets, turnpikes or other public place within this state shall be deemed to have given consent to a test or tests of such person's blood or breath, for the purpose of determining the alcohol concentration as defined in Section 756 of this title.... The test shall be administered by or at the direction of a law enforcement officer after having arrested such person and having reasonable grounds to believe that such person was operating or in actual physical control of a motor vehicle within this state while under the influence of alcohol or any other intoxicating substance, or the combined influence of alcohol and any other intoxicating substance.

\*     \*     \*     \*     \*     \*

Under § 751, the test to which a driver has impliedly consented is to be administered *after* arrest. If the driver refuses to submit to such testing, the driver's license shall be revoked. 47 O.S.Supp.1993, § 753. In the action before us, the officer testified the PBT is not approved by the Board of Tests, is not a "state designated test" and that he used the PBT as a field sobriety test only. The officer advised Appellant before he administered the PBT that the PBT was another field sobriety test and could not be used in court. After administering the PBT, the record shows Appellant was placed under arrest, read his "implied consent rights", and asked to take a breath test. Appellant refused. There is no evidence in the record Appellant refused the request to take the later breath test because he had already consented to the breath test in the field. Appellant has presented no authority or evidence that the use of the PBT as a field sobriety tool, violates any of the rules adopted by the Board or violates a statutory provision. Based on the record before us, we cannot say the trial court erred in determining Appellant refused a breath test under 47 O.S.Supp.1993, § 753.

The judgment of the trial court is therefore, AFFIRMED.

ADAMS, J. concurs.

GARRETT, C.J. concurs in result.