1999 OK CIV APP 107

**Daniel J. COLLINS, Appellant,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 92,813.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 24, 1999.

Certiorari Denied Oct. 27, 1999.

---

558

David J. Batton, Norman, Oklahoma For Appellant.

Mike O'Brien, Oklahoma Department of Public Safety, Oklahoma City, Oklahoma For Appellee.

## OPINION

STUBBLEFIELD, P.J.

¶ 1 This is an appeal from order of the district court sustaining the revocation of a driver's license but modifying the revocation to allow restricted driving privileges. After a review of the record on appeal and applicable law, we affirm.

¶ 2 Petitioner Daniel James Collins filed a petition on January 29, 1998, seeking to have the suspension of his driver's license set aside or modified to allow him to drive to and from work and during the course his employment. He asserted that the revocation by the Department of Public Safety (DPS) was not supported by competent evidence and was improper because: (1) The arresting officer did not have grounds to stop his vehicle; (2) He was improperly arrested; (3) The breath test was improperly conducted; (4) The DPS did not comply with statutory notice provisions regarding suspension/revocation; and, (5) The statutory basis for the arrest is unconstitutional.

¶ 3 After hearing, the trial court found that there was sufficient cause for the stop and arrest of Petitioner for driving under the influence and upheld the introduction into evidence of the breath test result, which showed the Petitioner's alcohol concentration was 0.04. Based on those findings, the trial court sustained the revocation. However, based on agreement of the parties, the revocation was modified to provide restricted driving privileges for Petitioner to operate "any vehicle equipped with an ignition interlock device." Petitioner appeals.[1]

¶ 4 On appeal from an order of an administrative body revoking a driver's license, the district court hears the case de novo. *Appeal of Dungan,* 1984 OK 21, ¶ 7, 681 P.2d 750, 752; *Matter of Braddy,* 1980

OK 44, ¶ 12, 611 P.2d 235, 237–38; *Richards v. State,* 1994 OK CIV APP 41, ¶ 6, 872 P.2d 957, 959. At that de novo hearing, DPS has the burden of proving that the licensee had been driving under the influence of alcohol. *Appeal of Tucker,* 1975 OK CIV APP 40, 538 P.2d 626.

¶ 5 On review of the district court's judgment, an appellate court must first examine the evidentiary elements required to sustain the district court's ruling. *Davie v. State ex rel. Dep't of Pub. Safety,* 1995 OK CIV APP 80, ¶ 2, 898 P.2d 180, 181; *Smith v. State ex rel. Dep't of Pub. Safety,* 1984 OK 16, 680 P.2d 365. This court will not reverse the district court's findings if there is any competent evidence or any reasonable inference to be drawn therefrom that tends to support its findings. *Richards,* 1994 OK CIV APP 41 at ¶ 6, 872 P.2d at 959; see also *Fairres v. State ex rel. Dep't of Pub. Safety,* 1994 OK CIV APP 186, ¶ 5, 872 P.2d 942, 943.

¶ 6 Petitioner first raises a challenge to the constitutionality of certain statutes under which his driver's license was revoked. He asserts that he was only nineteen-years old at the time he was arrested for driving under the influence and that the age distinction made in the pertinent statutes—47 O.S. Supp.1997 §§ 754 and 756—are unconstitutionally discriminatory and caused a denial of his rights of equal protection/due process.

¶ 7 Section 754 deals with seizure of a driver's license and administrative revocation of the license and establishes different standards for revocation, depending on whether a person is under or over twenty-one years of age. The statute states:

A. Any arrested person who is under twenty-one (21) years of age and has any measurable quantity of alcohol in the person's blood or breath, or any person twenty-one (21) years of age or older whose alcohol concentration is ten-hundredths (0.10) or more as shown by a breath test administered according to the provisions of this title ... shall immediately surrender

---

1. Apparently the parties agreed that the entry of the agreed order would not waive Petitioner's

right to appeal the district court affirmance of the license revocation.

his or her license ... to the arresting law enforcement officer.

Section 756 also establishes a different standard for the level of alcohol concentration of those persons who are under age twenty-one; "any measurable quantity of alcohol is prima facie evidence that the [person under the age of twenty-one] is under the influence of alcohol in violation" of 47 O.S. Supp.1998 § 6–106.4.[2] Petitioner claims the statutory age distinctions in the laws are arbitrary, and that the disparate treatment based on this arbitrary factor is unconstitutional.

■ ¶8 No person may be denied the equal protection of the law. U.S. Const. amend. XIV, § 2; Okla. Const. art. 2, §§ 2 & 6. However, as the court in *Bowlin v. Alley*, 1989 OK 66, ¶11, 773 P.2d 365, 368, stated: "[E]qual protection does not prohibit the government from classifying persons if the classification distinguishes persons as dissimilar upon some permissible basis which is not invidiously discriminatory."

¶9 The Supreme Court stated in *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940):

The equality at which the "equal protection" clause aims is not a disembodied equality. The Fourteenth Amendment enjoins the equal protection of the laws, and laws are not abstract propositions ... but are expressions of policy arising out of specific difficulties, addressed to the attainment of specific ends by the use of specific remedies. The Constitution does not require things different in fact or opinion to be treated in law as though they were the same.

■ ¶10 Where the applicability of equal protection is at issue, the party who contends that he has been the target of unequal treatment must produce evidence to the court that unequal treatment is being exacted on persons who are equal and, therefore, required to be treated the same. See *Bowlin*, 1989 OK 66 at ¶10, 773 P.2d at 368. Further, there is a presumption that a state legislature acted within its constitutional power despite the fact that, in practice, laws

result in some inequality. *McGowan v. State of Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

■ ¶11 In passing on the constitutionality of a statute, an appellate court does not depart from well-established rules that cloak legislation with a presumption of constitutionality unless a statute is "clearly, palpably and plainly inconsistent with the Constitution." *Reherman v. Oklahoma Water Resources Bd.,* 1984 OK 12, ¶11, 679 P.2d 1296, 1300; see also *Black v. Ball Janitorial Serv., Inc.,* 1986 OK 75, 730 P.2d 510; *Matter of Daniel, Deborah and Leslie H.,* 1979 OK 33, 591 P.2d 1175.

■ ¶12 By two separate propositions of error, Petitioner asserts that 47 O.S. Supp. 1998 §§ 754, 756, are discriminatory and unconstitutional. It is easy enough to determine that the laws do treat individuals differently according to age. However, in reviewing this disparate treatment of drivers who are under age twenty-one as opposed to those who are over twenty-one years of age, this court takes judicial notice of the provisions of the Federal Highway Safety Act, 23 U.S.C.A. §§ 101–164; 401–411 (Supp.1999), which provides for state highway safety programs designed to reduce traffic accidents and deaths, injuries and property damage. Provisions are made specifically for alcohol traffic-safety programs with incentives to states that adopt and implement such programs to increase traffic safety. There are specific provisions of the law that deal with the operation of motor vehicles by intoxicated minors. Thus, Congress calls for an under-twenty-one age distinction in the law, when, in 23 U.S.C.A. § 161(a)(3), of the Act, it states:

Requirement.—A State meets the requirement of this paragraph if the State has enacted and is enforcing a law that considers an individual under the age of 21 who has a blood alcohol concentration of 0.02 percent or greater while operating a motor vehicle in the State to be driving

---

**2.** Section 6–106.4 deals specifically with "Driving under the influence while under age," which

is defined as being under the age twenty-one years.

while intoxicated or driving under the influence of alcohol.

The enactment of age-specific statutes reveals Congressional belief that there is a heightened risk to public safety when minors drink and drive.

¶ 13 This court also notes various Oklahoma statutes making it illegal to (1) sell or serve certain intoxicating beverages to minors, 37 O.S. Supp.1998 § 241(A); (2) permit any person under twenty-one years of age to consume intoxicating beverages on licensed premises, section 241(D); or, (3) purchase or attempt to purchase intoxicating beverages, while under the age of twenty-one. Section 241(E); 37 O.S. Supp.1998 § 598.

¶ 14 The Oklahoma Legislature has established a broad statutory scheme in a legitimate attempt to proscribe the use of alcohol by under-age persons and to particularly prevent such persons from driving while intoxicated. The laws challenged herein are a part of that scheme. The laws may impose a stricter standard of intoxication for the under twenty-one class, but that class is, after all, prohibited under the laws of this State from alcohol purchase and use.

¶ 15 The court in *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981), stated that in the absence of a classification that is "inherently invidious" or impinges on fundamental rights, a state statute is to be upheld against constitutional attack if it is "rationally related" to the achievement of legitimate governmental ends. Herein, we find that the challenged statutes are not "inherently invidious" and are "rationally related" to the legitimate governmental ends of prohibiting under-age drinking and driving. We find the distinction made by the challenged law "rationally related" to this intended purpose. *Id.* at 230–31, 101 S.Ct. 1074. Thus, we reject Petitioner's constitutional attack on the pertinent statutes and his claim of deprivation of certain constitutional rights.

¶ 16 Petitioner next proposes that he "was arrested without sufficient cause based upon his custodial statements." Citing *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), he contends that the arresting officer's inquiry as to "how much he had to drink"—to which Petitioner responded that he had a couple of beers at a party earlier—was a custodial interrogation that required *Miranda* warnings be given. The law does not support Petitioner's contention.[3] However, in regard to this specific proposition of error, Petitioner has failed to meet his obligation to provide a record demonstrating lower court error.

¶ 17 An analysis of this proposition of error requires that we examine the evidence regarding the stop and arrest of Petitioner. However, we do not have before us the transcript of the hearing held by the trial court. While DPS had the burden of proof before the trial court, in this appeal it is Petitioner/Appellant's burden to present a record showing lower court error. *Belt v. State ex rel. Dep't of Pub. Safety*, 1998 OK CIV APP 86, 959 P.2d 994.

¶ 18 Even if we accepted Petitioner's legal argument, and we do not, the recitation of the evidence in his appellate brief states more than probable cause for his arrest, totally aside from any statements he made to the officer. He states that he had been stopped by the arresting officer for a traffic violation. He says the arresting officer testi-

---

**3.** The court in *Berkemer v. McCarty*, 468 U.S. 420, 439–40, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), in discussing a *"Terry* stop," *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)—a reasonable stop to investigate circumstances that provoke suspicion that a crime had been, is being, or is about to be committed—stated:

[T]his means that the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obliged to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released.... The similarly noncoercive aspect of ordinary traffic stops prompts us to hold that persons temporarily detained pursuant to such stops are not "in custody" for the purposes of *Miranda*. (Footnotes omitted.)

fied: (1) On approaching the car, he noticed a strong smell of intoxicating alcoholic beverage coming from Petitioner; (2) Petitioner's eyes were red and watery; and (3) The "Horizontal Gaze Nystagmus (HGN)" showed a positive indication that Petitioner was intoxicated. Based on Petitioner's own account of the evidence, we find more than adequate probable cause for his arrest.

¶ 19 Accordingly, finding none of Petitioner's alleged errors availing of reversal, the order appealed is AFFIRMED.

¶ 20 AFFIRMED.

¶ 21 BOUDREAU, V.C.J., and REIF, J., concur.