2001 OK CIV APP 58

**David R. WILSON, Plaintiff/Appellee,**

v.

**STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Defendant/Appellant.**

**No. 95,423.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 30, 2001.

---

4. Because we find that § 100 does not save Plaintiff's claim, we do not address the applicability of 12 O.S. Supp.1999 § 2015(C).

Gary Barger, Pauls Valley, OK, for Plaintiff/Appellee.

J. Robert Blakeburn, Department of Public Safety, Oklahoma City, OK, for Defendant/Appellant.

BUETTNER, Presiding Judge:

¶1 Upon trial *de novo*, the district court reversed the Department of Public Safety's (DPS) revocation of Wilson's drivers license. It specifically found that there was no evidence that Wilson was behind the wheel of the vehicle in which he was found seated before it became stuck in the mud; that Wilson's arrest for driving under the influence of alcohol was made despite no probable cause to arrest him for that charge; that DPS did not produce evidence of when Wilson consumed alcohol; and finally that the breath testing equipment was not given reference tests after replacing a tube. We find that the record does not support the trial court's order, and does support the order revoking Wilson's driver license. Consequently, we reverse.

¶2 The first time this case was appealed, the trial court had sustained Wilson's demurrer to DPS's evidence. In *Wilson v. State of Oklahoma, ex rel. Department of Public Safety*, 2000 OK CIV APP 28, 998 P.2d 1241, Division 4 held that the trial court erred in setting aside the revocation on the ground that the truck (1997 Chevy Suburban) was inoperable. It reversed and remanded the case for trial.

¶3 Authority for revocation of a driver's license is found at 47 O.S. Supp.1999 § 754(C):

> ... if the arrested person is twenty-one (21) years of age or older, a blood or breath alcohol concentration of ten-hundredths (0.10) or more, accompanied by a sworn report from a law enforcement officer that the officer had reasonable grounds to believe the arrested person had been operating or was in actual physical control of a motor vehicle while under the influence of alcohol as prohibited by law, the Department shall revoke or deny the driving privilege of the arrested person for a period as provided by Section 6–205.1 [periods of revocation] of this title.

"Hearings [administrative revocation hearings] properly should address the issue of the officer's reasonable grounds to believe that a person was driving under the influence, not whether a person was, in fact, driving under the influence.... The same findings must be made by the district court pursuant to § 754 as are made by the hearing examiner, even though the hearing before the district court is de novo." *Smith v. State ex rel. Department of Public Safety*, 1984 OK 16, 680 P.2d

365, 368. "This court will not reverse or disturb a finding of a lower court if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support its findings." *Id.*

¶ 4 The evidence consisted of the testimony of the two arresting officers and of Wilson, as well as the "Officer's Affidavit and Notice of Revocation," and the breathalyzer log and service report.[1]

¶ 5 The officers stated that in the early morning hours of October 16, 1998, a citizen informed them that she had seen a car off of I–35, within the Purcell town limits. When they arrived, they thought there was a fire and alerted the Fire Department. It turned out to be dust turned up because of Wilson's gunning of the engine. He was stuck high center. He was seated behind the wheel and was restrained by his seat belt. When asked about the accident, he replied that he was. stuck. When he did not stop gunning the engine, one of the officers leaned in to turn off the ignition. At that time, the officer smelled the strong odor of alcohol on Wilson's breath. When asked to leave the truck, Wilson had difficulty removing his seat belt. When he exited the truck, he took a couple of steps, then fell down. At the hospital, the officers administered the breathalyzer test to Wilson, which showed Wilson to be intoxicated (.17). The procedure used in administering the breathalyzer was proper.[2]

■ ¶ 6 DPS first argues that the district court erred when it found that there was no evidence that Wilson had been driving. *Wilson 1* had already found sufficient circumstantial evidence for a probable cause arrest for driving under the influence or in actual physical control of automobile. The officers had testified about the skid marks, paint transfer on the guardrail, yaw and skid marks on the road, as well as finding Wilson behind the wheel with his seat belt in place, gunning the engine in a futile attempt to get off high center. *Wilson 1* left the question for the second trial whether there was a driver other than Wilson. However, Wilson did not introduce evidence that someone else was driving. Wilson testified that he drove to Norman, Oklahoma, pursuant to a telephone call from an employee. He met the fellow someplace (could not recall the name of the place) and they stayed there a couple of hours. He did not recall anything between the time of leaving the restaurant and being found by the police at 2:09 a.m. The district court's finding that there was no evidence that Wilson was behind the wheel was erroneous.

■ ¶ 7 DPS also challenges the district court's finding that there was no probable cause to arrest Wilson for DUI because there was only evidence presented to support the actual physical control charge. For the purpose of driver's license revocation, the charges are equal in importance and allow a warrantless arrest when the officer has reasonable grounds to believe the person is driving under the influence of alcohol **or** in actual physical control of a vehicle. *Wilson 1* has decided the issue that the officers made a valid probable cause arrest for actual physical control. It is not clear that the officers informed Wilson that he was being arrested for DUI, rather than APC, but assuming *arguendo* that was what happened, so long as there were reasonable grounds for the charge so that the warrantless arrest was valid, the officers are not capable of binding the prosecutor to a certain charge. *Isom v. State,* 1982 OK CR 78, 646 P.2d 1288, 1292.

■ ¶ 8 The district court's third finding, that DPS failed to produce evidence showing when Plaintiff allegedly ingested alcohol, is irrelevant and meaningless. The evidence showed that Wilson was intoxicated at the time of his arrest, and at the time of his arrest, he was in actual physical control of an automobile that had been involved in an accident. There was also evidence from Wilson that he had not drunk any intoxicating beverages after getting stuck.

■ ¶ 9 Finally, DPS contends that the finding by the district court that no reference tests were accomplished after the tube re-

---

1. The officers' testimony and the documents were introduced in the first trial. The evidence was incorporated into the second trial (after remand) in which Wilson also testified.

2. The log reveals that on September 27, 1998, the device was serviced and that the solution was changed with three reference tests run. On October 3, 1998, a sample hose was replaced.

placement was an improper *sua sponte* finding by the court, neither side having contested that issue. Even had the issue been raised, DPS claims that the procedure mandates reference tests only when the solution is changed, which had been performed. We agree with both of these contentions. The court's finding about the reference test without it having been placed at issue, deprived the parties of an opportunity to present evidence of the necessity (or lack of) for the reference test after the tube replacement. In any event, by taking judicial notice of The Rules of the Board of Tests for Alcohol and Drug Influence, OAC 40:30–1–2, we agree that the only reference testing required is when there is new solution placed in the machine.[3]

¶ 10 We have examined the evidence. The district court's findings are not supported by evidence or reasonable inferences of the evidence. For that reason, we REVERSE the district court's order and re-instate the revocation.

¶ 11 GARRETT, J., concurs; HANSEN, C.J., concurs in result.

---

**3.** A court may take judicial notice, whether requested or not, and may be taken at any stage of the proceeding. 12 O.S.1991 § 2202(C) and § 2203(C).