2001 OK CIV APP 94

Doyle J. GROVE, Plaintiff/Appellant,

v.

STATE of Oklahoma, ex rel. DEPART-MENT OF PUBLIC SAFETY, Defendant/Appellee.

No. 95,882.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 15, 2001.

Christopher J. Liebman, Guymon, OK, for Plaintiff/Appellant.

Robert Blackburn, Oklahoma Department of Public Safety, Oklahoma City, OK, for Defendant/Appellee.

HANSEN, Chief Judge:

¶ 1 On August 9, 2000, a police officer for the City of Guymon stopped Appellant, Doyle J. Grove, for a broken tag light. While the officer was preparing a warning ticket, he noticed Grove was unsteady, had slurred speech and a strong odor of alcohol on his breath. The officer arrested Grove for suspicion of driving under the influence of alcohol. He then read him the "implied consent" law advising him that if he refused to take a blood alcohol test, his license would be revoked or suspended.[1] Grove refused the

1. 47 O.S.1991 § 751 et seq.

test. Thereupon, the officer filed his officer's affidavit and notice of revocation. As a result, the Department of Public Safety, (DPS) revoked Grove's driver's license for a period of three years.

¶2 After a hearing officer for DPS sustained the revocation, Grove filed the present action in district court seeking to either set aside the order of revocation or in the alternative to issue an order decreasing the period of revocation and modifying it to allow him to drive to and from his work and during the course of his employment. He argued his suspension caused an extreme and unusual hardship in that he must drive pursuant to his employment.

¶3 At the hearing, the arresting officer testified extensively. Grove's counsel argued the state had not proved its case and thus the trial court should "direct a verdict" in favor of Grove. The trial court overruled his motion.

¶4 Grove testified only as to his need for modification because of his hardship in being denied driving privileges for his employment. He presented no testimony to dispute that of the arresting officer. The trial court found Grove's driver's license three year revocation or suspension should be sustained without modification for one year. At the end of that time, the court stated Grove could apply to the court for modification. Grove appeals to this Court.[2] We affirm.

¶5 On appeal, Grove contends DPS failed to meet its burden to show the arresting officer had reasonable suspicion to believe Grove was driving under the influence of alcohol. He also submits the trial court had insufficient evidence to find the officer properly advised Grove of the consequences of refusing to take the state's test.

■ ¶6 In reviewing revocation of drivers' licenses, appellate courts will not reverse or disturb findings of the trial court if there is any evidence, or any reasonable inference to be drawn therefrom, which tends to support the lower court's findings. *Richards v. Department of Public Safety*, 1994 OK CIV APP 41, 872 P.2d 957.

■ ¶7 Grove initially argues DPS failed to properly identify him in court as the person he arrested. However, Grove does not dispute that it was he who was stopped and arrested. The uncontroverted evidence shows Doyle J. Grove, driver's license number 440742170, 311 South Quinn, Guymon, OK., born August 9, 1966, was the individual who was arrested and refused the blood alcohol test. In his trial court petition, and while on the stand, Doyle admitted he was indeed Doyle James Grove, 311 South Quinn, Guymon, Oklahoma, and that he was the petitioner in the case. He has thus waived any objection to his identity.

■ ¶8 Appellant did not present any evidence to contradict that of the arresting officer. We then must examine the uncontroverted evidence to determine if the officer had reasonable cause to arrest Grove, and if he gave the informed consent rights to Grove appropriately.

¶9 Title 47 O.S.1999 Supp. § 754(F) provides the scope of the hearing before the Commissioner of Public Safety. The hearing shall cover the issues of whether the officer had reasonable grounds to believe the person had been operating or was in actual physical control of a vehicle upon the public roads, highways, streets or turnpikes while under the influence of alcohol and whether the person was placed under arrest.

¶10 When an accused refuses the blood alcohol test, the issues before the trial court are further defined by subsection (F)(2). This section provides:

If the revocation or denial is based upon the refusal of the person to submit to a breath or blood test, reflected in a sworn report by a law enforcement officer, the scope of the hearing shall also include whether:

a. the person refused to submit to the test or tests, and

b. the person was informed that driving privileges would be revoked or denied if the person refused to submit to the tests or tests.

■ ¶11 Section 751 reflects the informed consent law. Subsection 2 authorizes a law enforcement officer, having reasonable

2. Grove does not raise any issue on appeal relating to the failure to modify the revocation.

grounds to believe that a person stopped was operating a motor vehicle while under the influence of alcohol may direct the administration of, or administer, the test or tests.

¶ 12 The same findings must be made by the district court as are made by the hearing examiner, even though the hearing before the district court is de novo. *Smith v. State ex rel. Department of Public Safety,* 1984 OK 16, 680 P.2d 365.

¶ 13 This Court will not reverse or disturb a finding of a lower court if there is any competent evidence, or any reasonable inference to be drawn therefrom, which tends to support its findings. *State of Oklahoma ex rel. Department of Highways v. Sharpensteen,* 1975 OK 111, 538 P.2d 1044. The uncontroverted testimony by the officer that Grove was unsteady on his feet, had slurred speech, that he smelled a strong odor of alcohol on Grove's breath, his subsequent arrest for DUI, his refusal to submit to the blood alcohol test, and the officer's warning that his refusal would lead to revocation or suspension of his license, is more than sufficient to support the judgment of the district court.

¶ 14 AFFIRMED.

¶ 15 GARRETT, J., and BUETTNER, P.J., concur.